| 45 | 325 |
| 91 | 391 |

| 45 | 325 |
| 114 | ¹352 |

Schmeling and another vs. Kriesel and others.

SPECIFIC PERFORMANCE *refused for uncertainty of contract.*

1. Equity will not specifically enforce a contract unless its essential terms, at least by the aid of reference made therein, and of authorized legal presumption, may be clearly and definitely known.

2. A memorandum of sale of land to two persons described the land merely as the vendor's 40 acres in a specified section, but stated that "both deeds were to-day signed and left with the notary;" that the purchase price was $2,100; that possession was to be given on a day named, and on that day $1,000 of the price should be paid; and that the remaining $1,100 might "stand upon the farm." There was no statement of the rate of interest or the term of credit. *Held,*

    (1) That this language might perhaps be construed as requiring the purchasers to pay interest at the legal rate, and to execute a mortgage upon the land for the unpaid purchase money; and the deeds deposited in escrow might be resorted to, to ascertain the description of the lands; but

    (2) That the *term of credit* cannot be supplied by legal presumption; nor can parol evidence be admitted to supply the defect (*Waterman v. Dutton,* 6 Wis., 264, distinguished); and, for the uncertainty of the contract in that particular, specific performance cannot be enforced.

APPEAL from the Circuit Court for *Dodge* County.

The action is for the specific performance of a contract for

the sale, by the defendant *Frederick Kriesel* to the plaintiffs, of a certain parcel of land. The contract, which is made a part of the complaint, is as follows:

" On this 24th day of May, 1877, *Frederick Kriesel and his wife* have sold to *William Schmeling* and *Carl Lentz* their 40 acres of land in section 18, town of Herman, for the sum of twenty-one hundred dollars; both deeds were to-day signed and left in the hands of the notary; possession of land is first to be given on the 1st of November, 1877, when then also one thousand dollars of the purchase money are to be paid; the rest may stand upon the farm.

If the vendor does not keep his agreement, he promises to pay four hundred dollars to the purchasers. Likewise if the purchasers do not comply with the agreement, they are to pay *Kriesel* four hundred dollars.

FREDERICK KRIESEL.  (Seal.)
WILLIAM SCHMELING.  (Seal.)
CARL LENTZ.        (Seal.)"

It is alleged in the complaint that the contract was for the sale to the plaintiff *Schmeling* of the west one-half, and to the plaintiff *Lentz* of the east one-half, of the lands described in the complaint, and that the deeds deposited with the notary were so executed; and further, that payments were to be made as follows: " One thousand dollars on the first day of November, 1877, and the remaining $1,100 to stand for a reasonable length of time, and to bear interest from the said first day of November, 1877, and to be secured by note and mortgage from each of the plaintiffs for one-half of the said $1,100 upon the piece of land so sold to him."

It is also alleged in the complaint that on the 2d day of June, 1877, the defendants *Kriesel and wife* executed to the defendant *Frederick Erdman* a warranty deed of the land described in the complaint, and to which the contract relates, which deed has been recorded in the office of the register of deeds of the proper county; that the defendants *Erdman and wife* are now in possession of the land under such deed; that *Erdman* took the deed with full knowledge of such pre-

vious agreement between his grantors and the plaintiffs; that the plaintiffs are ready and willing to perform their part of the agreement, and have tendered performance thereof to all of the defendants, but the defendants *Kriesel* refuse to procure a conveyance of the land from the defendants *Erdman*, and the latter refuse to convey the same to the plaintiffs; and that the defendants *Kriesel* are insolvent and irresponsible, so that damages for a breach of their contract cannot be collected of them.

The prayer for relief is, that the defendants *Erdman* be adjudged to convey the land in controversy to the plaintiffs, on payment by the latter of the $1,000, and on the execution by them of the notes and mortgages mentioned in the complaint for the balance of the purchase money, according to the terms of their contract with *Kriesel*. There is also a prayer for general relief.

From an order sustaining a demurrer to the complaint as not stating a cause of action, the plaintiffs appealed.

The cause was submitted for the appellants on a brief signed by *L. T. Fribert* as their attorney, with *L. F. Frisby*, of counsel; and for the respondent on the brief of *J. B. Hays*.

LYON, J. No rule is better established than is the rule that a court of equity will not decree specific performance of a contract unless the terms of the contract are clearly and definitely expressed. If the court is unable from the contract itself, aided by authorized legal presumption, to arrive at a clear result of what all its essential terms are, the contract will not be specifically enforced. 1 Story's Eq. Jur., § 767; Fry on Specific Performance, §§ 203, 223, and cases cited in notes. See also *Blanchard v. McDougal*, 6 Wis., 167; *Knoll v. Harvey*, 19 id., 99; *Tiernan v. Gibney*, 24 id., 190.

The contract sought to be enforced in this action fails entirely to specify the time when a portion of the purchase money shall become due and payable. It only provides that $1,100 thereof "may stand upon the farm." Probably the court could hold that this language requires the purchasers to

execute a mortgage upon the land to secure the unpaid balance of $1,100, and might presume that the parties intended that the debt should draw legal interest until paid. Resort may also be had to the deeds deposited in escrow to ascertain the description of the lands, which is not fully given in the contract. See *Campbell v. Thomas*, 42 Wis., 437.

But we find nothing in the contract, either by reference or otherwise, which will enable the court to say when such balance shall become due, and we know of no legal presumption to aid the court in that behalf. The complaint states the contract to be, that credit was given for a reasonable time. There is no such language in the contract, but the pleader doubtless stated what he considered the legal effect of that instrument. Concede that he has stated it correctly: does that render the contract any more certain? What is a reasonable time? Is it one month, or one year, or five years? Were the court to fix a time for payment, and decree accordingly, as Judge STORY very pertinently remarks in the section above cited, " it might be guilty of decreeing precisely what the parties never did intend or contemplate."

The contract being to give credit for a part of the purchase money, and the time when the credit should expire and the money become payable not having been fixed by the parties, we think the contract is too uncertain or incomplete to authorize a court of equity to decree its specific performance.

To support the opposite doctrine, the learned counsel for the plaintiffs has cited *Hatcher v. Hatcher*, 1 McMullan's Eq. R. (S. C.), 311, and *Westervelt v. Matheson*, 1 Hoff. Ch. R., 37. The South Carolina case was one to enforce specifically a contract that the plaintiff might redeem lands sold to the assignor of the defendant on an execution against the plaintiff. The amount to be paid and the time of payment were not stated in the contract, and there was no stipulation for credit for any part of the redemption money. The court held that the money was payable before the execution of a conveyance to the plaintiff, and that the amount to be paid was the sum which the defendant paid for the land; and it decreed specific per-

formance. The court merely resorted to legal presumptions to supply omissions in the contract. The contract being to redeem, it was held that the sum advanced by the defendant for the purchase of the land was necessarily the sum to be paid for its redemption; and no time of redemption having been fixed in the contract, and no credit given, it was also held that the plaintiff must have tendered payment to be entitled to a conveyance, and if he did so within a reasonable time, that he was entitled to a conveyance. It is manifest that the doctrine of that case is not applicable here; for in this case, as already observed, there is no legal presumption to which we can resort to supply the omission to fix in the contract the time when that portion of the purchase money for which credit was given should become due and payable.

*Westervelt v. Matheson* was also an action to enforce specific performance of a contract for the sale and conveyance of land. The agreed price was $2,900, of which $1,900 was to be paid at the execution of the conveyance, and credit was given for the balance. The language of the contract was, "one thousand dollars may remain by bond and mortgage." No time of payment of the $1,000 was agreed upon. There was an outstanding mortgage on the premises of $1,000, which the grantor was held liable to pay. The court decreed a conveyance subject to the outstanding mortgage, thus requiring the purchaser to pay that mortgage (or rather charging the land in his hands therewith), instead of giving his bond and mortgage for $1,000, according to the contract. The objection does not appear to have been made that the contract was uncertain or incomplete; and that feature of the contract is not mentioned in the opinion of the learned assistant vice-chancellor who decided the case.

While that case seems to give some support to the position of the learned counsel who cites it, it is opposed by the whole current of authority, both in this country and England. We can but think that had the attention of the court been directed to the incompleteness of the contract, the result would have been different.

Counsel for plaintiffs also cites *Waterman v. Dutton*, 6 Wis., 265, to the proposition that parol evidence is admissible to supply the omission in the contract. That was an action to reform a written agreement for the sale of lands, and to enforce specific performance of the agreement as reformed. In this case, there is no claim that the written agreement does not fully express the contract which the parties actually made, and no reformation of the writing is sought. Hence, *Waterman v. Dutton* is not applicable here.

Because the contract set out in the complaint as the foundation of this action is incomplete in an essential particular, and because the defect cannot be supplied by any authorized legal presumption, we agree with the learned circuit judge that the complaint fails to state a cause of action in equity. Whether the sum of four hundred dollars mentioned in the contract is liquidated damages, which the plaintiffs may recover in an action at law, or whether it is merely a penalty, we do not determine.

*By the Court.* — Order affirmed.