CAMERON, Respondent, vs. AUSTIN, Appellant.

*March 17 — April 6, 1886.*

*(1) Contract: Work to be paid for by conveyance of land: Form of action. (2) Statute of frauds: Part performance.*

1. Where labor is performed under an agreement that it shall be applied upon the purchase price of land which the employer agrees to convey to the servant, or where after the performance of labor it is agreed that the amount due therefor shall be applied on such purchase price, if the employer fails or refuses to convey the land, the servant must sue for the breach or to enforce performance of the special agreement, and cannot maintain an action to recover payment for his services.

Cameron vs. Austin.

2. If the servant went into possession and improved the land, and the amount due for his labor was applied upon the purchase price, the contract to convey, although not in writing, was not within the statute of frauds.

APPEAL from the Circuit Court for *Clark* County.

The case is stated in the opinion.

For the appellant there was a brief by *Ring & Youmans,* and oral argument by *Mr. Ring.*

For the respondent there was a brief by *J. E. Campbell,* attorney, and *R. J. MacBride,* of counsel, and oral argument by *Mr. MacBride.*

ORTON, J.   The complaint of the respondent is for work and labor, to recover a balance of $197.58 after deducting payments.   The answer, after a general denial, sets up an oral agreement under which said labor was performed, by the terms of which the defendant sold to the plaintiff eighty acres of land at the agreed price of $400, the plaintiff to pay interest thereon, and to pay the taxes on said land, and that he should pay therefor in and by said labor, and that his wages therefor, in excess of the support of the plaintiff and his family, were to be applied upon the payment for said land.   It is further averred in said answer that after the plaintiff had finished and quit such work and labor, in September, 1881, the parties had a full settlement therefor, and the balance due the plaintiff found and liquidated at about the sum of $180, which was then, by their said agreement, applied upon and towards the purchase price of said land; that by virtue of said agreement the plaintiff went into possession of said land, cut and removed therefrom a large amount of the most valuable timber, worth the sum of $400.   The prayer of the answer is that the plaintiff take nothing by his action, and for costs and disbursements. It will be observed that this answer sets up this contract and its part performance merely in defense of the action, and there is no counterclaim for specific performance.

On the trial the plaintiff testified substantially as follows: That there was such a contract made at the time of such settlement, and that he cut off the timber, and cleared off and fallowed about two acres of said land, and moved into a house on land adjoining, and cut and made 13,000 staves on said land, and that he had frequently asked the defendant for a written contract and for a deed. The plaintiff admitted to others that he had bought the land and that he had a petition drawn, and signed it as a freeholder of the town, for a road in the vicinity; and when the settlement for his labor was finally made there was due him $190, which was applied on said purchase, leaving $200 yet to be paid, and defendant was to take a mortgage on the land therefor, and defendant promised to make the deed when a certain Mr. Blakeslee got back. The plaintiff, however, denied that he had gone into possession of the land, and claimed that he got out the staves for one Mr. Rich, and he testified something about a subsequent arrangement by which he was to be paid in money, and the purchase abandoned, and about the inability of the defendant to make the deed. The defendant testified substantially denying the last part of the above testimony of the plaintiff, and stating the contract as set up in his answer; that he had previously contracted to sell this land to one Cook, and Cook had abandoned it; and that the plaintiff selected this particular land, and agreed to take it on the terms of the Cook contract; and that there was found due for his work $179.50, and that it was applied on the purchase. The plaintiff failed to pay the taxes as agreed, and the land was sold therefor, and the defendant was compelled to pay a large amount to redeem the same. The plaintiff moved up near the land, and cleared off two or three acres, and cut 25,000 staves from it, and frequently called the land his own, and went into possession of it. There was a conflict between the testimony of the parties as to whether the

contract for the land was made when the plaintiff commenced work, or when the settlement was made and the balance found.

In the charge of the court to the jury the question of what the bargain was, was left to them to determine, and they were instructed that if they found that the contract for the land was made as claimed by the defendant at the commencement of the work, " then the plaintiff must take his wages in that way, and he cannot go back of his contract, and claim his wages in money, until the defendant has either refused or failed, upon proper request, to pay him in the manner which was agreed upon." The instructions to the jury appear to. have been that if the contract for the land was made at the commencement of the plaintiff's work, then the plaintiff must take the land, and he cannot recover, *unless the defendant has refused to deed him the land;* but if the contract for the land was made at the time of the settlement, or after most part of the work had been performed, then the contract was void under the statute of frauds, and cannot be set up in defense of the action. . The instructions are not very clear on this distinction, but this appears to be their meaning, for the court says further: " The testimony shows that the plaintiff worked for a considerable length of time for the defendant, earned considerable money from him, and that at the time when he ceased working for him there was quite a balance due him. Now, there is testimony in the case which tends to show that he agreed to take a particular piece of land for his balance, and to pay whatever more it required to make up the price of the land,— the value of it; and it also appears that the defendant agreed to give him this land. But this agreement was by word of mouth, and was not reduced to writing, and so it was binding upon neither of the parties, and you should and must disregard that bargain, because the law won't enforce it. . . . This was not in writing, and for

that reason is not binding upon either party. If this bargain to receive the land on the part of the plaintiff, and to give the land on the part of the defendant, was made after the wages were earned, or after a considerable part of them was earned, and was not the original contract upon which the plaintiff entered upon his service, then it would have no influence upon the verdict which you should bring." All these parts of the charge were duly excepted to. The jury rendered a verdict for the plaintiff, for the full amount of such balance and interest.

1. The condition or proviso implied in the language "until the defendant has either refused or failed, upon proper request, to pay him in the manner which was agreed upon," in the instruction presenting the contract as claimed by the defendant, was clearly erroneous. If the contract in the beginning was that the plaintiff was to be paid by the purchase of the land, and he went into possession, and the balance due him was applied upon the payment of the purchase price, it would make no difference whether the defendant had refused or failed to deed him the land or not,— the plaintiff could not recover in this action for work and labor. He must bring his suit on this special contract. In such case, if the plaintiff could show that he had fully performed his part of such special contract, and the defendant had refused to deed him the land as agreed, he might, perhaps, recover in an action at law all the damages he had suffered by such refusal or failure to perform on the part of the defendant. But if the contract was as claimed by the defendant, and the plaintiff went into possession of the land, and cut off timber to the value of $200, and had neglected to pay the taxes, which made it necessary for the defendant to pay $100 to redeem the land from tax sale, and had failed to pay the balance of the purchase money after deducting the amount of the balance found due the plaintiff for his work, and there was a question of the ability of the defend-

ant to give the plaintiff a clear title to the land, as claimed by the plaintiff, then it was certainly a proper case for a court of equity, in which all the equities could be adjusted by a complaint for specific performance of the contract. But in either case the action must be on the special contract, and not, as here, on the mere contract or common count for work and labor. *Maynard v. Tidball*, 2 Wis. 34; *Bradley v. Levy*, 5 Wis. 400; *Noonan v. Ilsley*, 21 Wis. 138; *Corbitt v. Stonemetz*, 15 Wis. 170; *McBain v. Austin*, 16 Wis. 87; *Martin v. Fox & Wis. Imp. Co.* 19 Wis. 552; *Linderman v. Disbrow*, 31 Wis. 465; *Morrison v. Berkey*, 7 Serg. & R. 246; *Shearer v. Jewett*, 14 Pick. 232; *Ranlett v. Moore*, 21 N. H. 336; *Brooks v. Scott's Ex'r*, 2 Munf. 344; *Cochran v. Tatam*, 3 T. B. Mon. 405. The honorable circuit court very properly held that the contract, as claimed by the defendant, accompanied by the possession of the plaintiff, and so partly performed by the payment of a part of the consideration, and with such taking possession of the premises sold, was not within the statute of frauds, and was valid, although not in writing. *Brandeis v. Neustadtl*, 13 Wis. 142; *District No. 3 v. Macloon*, 4 Wis. 79; *Jones v. Pease*, 21 Wis. 644; *Abbott v. Draper*, 4 Denio, 51; *Harris v. Knickerbocker*, 5 Wend. 638; *Thomas v. Dickinson*, 12 N. Y. 371. Authorities need not have been cited to such an unquestionable principle. The court should have instructed the jury that, if the contract and facts were as testified to by the defendant, the plaintiff could not recover in the action, without the qualification "unless the defendant had refused to pay him in land."

2. It is just as clear that the plaintiff could not recover if the contract had been made when the settlement was made and the balance found and applied upon part payment for the land. In that case the contract, as testified to by the plaintiff himself, was not within the statute of frauds. There was the same part payment of the consider-

ation; and the same possession under the contract, and improvement of the land by the plaintiff. When the settlement was made, and the balance found due the plaintiff, if he had then purchased the land, and applied such balance on the contract as part payment, and had then immediately gone into the possession, and cleared off and fallowed two or three acres, and cut off 13,000 or 25,000 staves, and exercised other acts of ownership over it, upon what principle or exception was the contract not valid, or not taken out of the statute? Such an application of the balance due the plaintiff was substantially equivalent to the defendant's having paid the plaintiff such balance, and he had at once paid it back to the defendant as part of the purchase money for the land. Such a case is clearer and stronger, as part performance of the oral contract, than the one first supposed, in that the amount paid was ascertained and liquidated, while in the other case the amount due for the labor had to be ascertained, and, deducting payments, there might have been no balance to be so applied. But it is too clear for argument that the contract, as testified to by either party, was not within the statute, and the instruction that it was, was clearly erroneous. On the evidence of the plaintiff himself as to what the contract was and what he had done under it in its part performance, the court should have granted a nonsuit on the motion of the defendant, for it showed a complete defense to the action.

3. The court erred, also, in sustaining the objection to the questions relating to the nonpayment of the taxes on the land by the plaintiff, and his agreement to pay them, on the ground that the contract was void. The error consisted in the reason given for the ruling, and was not because the evidence had any particular pertinency to the case; for the amount paid by the defendant to redeem the land, as well as the value of the timber taken off by the plaintiff, could not be adjusted in such an action. It was sufficient to

terminate this action that such a contract was made, and so partly performed by part payment and possession and improvement of the land.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.