## A. B. EVERETT v. EMMA DILLEY *et al.*

1. SPECIFIC PERFORMANCE — *Action, Maintained.* Where a parol agreement to sell real estate is made, and the purchaser takes possession, makes lasting improvements, assumes the payment of a mortgage upon the land, and pays a large part of the purchase-money in cash, but the grantor is suddenly killed before a deed is executed, the purchaser can maintain an action for specific performance of the contract against the widow and children of the grantor, although nothing is said in the contract about the interest on the deferred payments, or payment of the taxes upon the land, or the exact time of payment of the balance due is not fixed.

2. TAXES, *Who Pays.* The law determines the taxes to be paid by each party when real estate is sold, in the absence of any special agreement between the parties concerning them.

3. INTEREST — *Rate* — *Presumption.* When nothing is said in an agreement concerning the interest a deferred payment shall bear, it will be presumed that the rate is the legal one.

4. TIME, *Sufficiently Certain.* When an agreement specifies that the deferred payments shall be made in the autumn following the making of the contract, the time of payment is sufficiently definite and certain.

### *Error from Reno District Court.*

ACTION to enforce the specific performance of a parol contract to convey certain land. Judgment for defendants, at the September term, 1885. The plaintiff *Everett* brings the case here. The material facts are stated in the opinion.

*Whiteside & Hutchinson,* for plaintiff in error.

*Zimmerman & Taylor,* and *Vandeveer & Martin,* for defendants in error.

Opinion by HOLT, C.: On the 18th of March, 1884, Zenas Dilley sold A. B. Everett the southwest quarter of section 28, town 24 south, of range 7 west, in Reno county. The sale was by parol, and by its terms Everett agreed to assume the payment of a certain mortgage of $1,000 on the land, with interest from March 18, 1884; to pay $500 on

June 1st, and what further sum he could when he sold certain hogs in his possession; the balance he was to pay out of his wheat crop of 1884, when he should sell it in the fall. About the first of April of the same year Dilley gave possession of the land to Everett, who made some improvements, namely, putting in a pump, inclosing a lot for hogs with lumber, and fencing a pasture containing ten or fifteen acres with wire; he also cultivated the farm. No payment was made thereon until the 3d of June following, when plaintiff paid Zenas Dilley $500, at a bank in Hutchinson, Kansas. Upon the 8th day of June Dilley was killed by lightning. The plaintiff made a tender of $100, the proceeds of the sale of his hogs, to Emma Dilley, widow of Zenas Dilley, on July 31, but she declined to receive it, stating as a reason for her refusal that she had not received the papers yet as administratrix of her husband's estate, and that she did not need the money. Upon the 2d of December following, Everett made a tender to Mrs. Dilley of the money due on the contract, but she declined to take it, stating that she intended to keep the place if she could. In September Mrs. Dilley had received notice that the semi-annual interest upon the mortgage was due, and she paid that interest. Afterward the plaintiff tendered her the amount paid, $50, and the interest thereon from the time she paid it.

The plaintiff brought this action against Mrs. Dilley and the heirs of Zenas Dilley, for a specific performance of the contract entered into between himself and Dilley in relation to this land. Testimony was introduced in the court tending to establish the facts about as above set forth. The court sustained the demurrer interposed by defendants, because no cause of action had been proven.

The objection made to the evidence is, that the contract attempted to be established was not sufficiently definite and certain to authorize the relief asked for. The proof of the contract was given by parties who had heard the statements made by Dilley and his wife, and in the statements nothing had been said and no proof was offered in regard to the rate

of interest upon the payments; no statement given in regard
to the payment of taxes, and no definite time fixed for the
payment of the balance of the money due upon the land; the
defendants also claim that there was some uncertainty about
the amount to be paid for the farm.    We think, however,
that the law fixed the rate of interest upon the payments,
(*Schmeling v. Kriesel*, 45 Wis. 325,) and also governed in the
matter of the payment of the taxes upon the land.    There
was no definite time fixed for the payment of the balance of
the money; all that was said in regard to that was, that when
plaintiff sold the hogs he had on hand, he would pay the pro-
ceeds as a part payment, and when he should sell his wheat
in the fall, he would pay the balance.    While the exact day
is not fixed upon which payment was to be made, yet there
was a time fixed within which such payment should be made,
and it was sufficiently definite for the purposes of this action.
We know that it requires more certainty in regard to con-
tracts in an action to compel specific performance, than it
would in ordinary actions to recover the money upon such a
contract, but we believe that when the time is fixed within a
certain date, that the limit thereof is sufficiently definite and
certain.

The court found the amount to be paid to be $1,925, al-
though upon that it states that there was some conflict of evi-
dence.    The plaintiff claims he labored under some difficulty
in not obtaining evidence of the contract, because one party
thereto was dead, and the other party is prevented from tes-
tifying as to its terms under § 322 of the civil code.    It is
claimed by the plaintiff in error that, because of this state of
facts, the court should be more lenient in requiring proof of
the contract itself.    We do not care, or deem it necessary, to
pass upon that question.    We base this decision on the ground
that the contract has been sufficiently proven under the evi-
dence introduced to make a *prima facie* case at least.    The
deceased, with the consent of his wife, had placed the plain-
tiff in possession of the land; there was no question about its
description; he had made improvements thereon; he had cul-

tivated the same; he had paid $500 therefor, and had assumed the payment of a mortgage of $1,000 thereon; he had at the earliest opportunity tendered $100 in payment of the residue, and finally had made a tender of all the amount he promised to pay for the land. It is in evidence that Zenas Dilley and his wife had gone to Hutchinson at one time for the purpose of executing a deed, and owing to other business matters they had not done so, but had agreed to go before an officer in their immediate neighborhood to make one, and it would probably have been executed in a few days if Zenas Dilley had not been killed.

We believe that there was error in sustaining the demurrer to the evidence, and recommend that the judgment be reversed, and the cause remanded.

By the Court: It is so ordered.

HORTON, C. J., and VALENTINE, J., concurring.

JOHNSTON, J.: With considerable doubt, I concur.