HATTIE C. OSGOOD ET AL. v. ISAAC OSGOOD AND MARY E. OSGOOD.

*Estates of deceased persons—Lien for moneys advanced—Foreclosure —Equity.*

In this case complainants,—the widow and minor children of defendants' deceased son,—are held entitled to a lien upon a certain store-building and lot, to secure the payment of $2,700 furnished by the son to his father towards erecting said building; and it is decreed that in default of the payment of said sum, and interest, in 18 months after the death of the defendants, the property may be advertised and sold to satisfy said lien, in the same manner as upon a foreclosure of a mortgage in chancery.

Appeal from Jackson. (Peck, J.) Argued October 16 and 17, 1889. Decided December 28, 1889.

Bill to secure lien on real estate for moneys advanced. Complainants appeal from decree dismissing bill. Reversed and decree granted as prayed. The facts are stated in the opinion.

*C. B. Grant* (*L. S. Montague*, of counsel), for complainants.

*Blair*, *Wilson & Blair*, for defendants.

SHERWOOD, C. J.   The bill in this case was filed to establish and secure what may be found due and owing to the complainants from the defendants on certain real estate in the city of Jackson owned by said defendants, on an accounting to be had between them and the estate of their son, Hiram C. Osgood, deceased.   The bill was duly answered by the defendants; and proofs taken upon the issues made by the pleadings and proofs; and the cause was heard upon such pleadings and proofs before Judge Peck, who dismissed the complainants' bill with costs. Complainants appeal.

A careful review of the case, and arguments of counsel, as presented in their briefs, leads us to a different conclusion.

The defendants are husband and wife, and reside in the city of Jackson, and have for many years.   They owned a lot in the city, upon which, in 1884 and 1885, they erected a store-building, costing about $6,000.   They had one child only, and his name was Hiram C. Osgood.   He resided at L'Anse, Michigan, and while on a visit to his parents, in Jackson, in 1886, was taken sick; and, becoming partially insane, he was taken to the asylum at Kalamazoo, and there died on December 3, 1886.   The complainants are his wife and three minor children.   His estate was administered upon in the probate court of Baraga county, where he lived, and was there settled. Attempts were made by the administrator to have the defendants recognize the claim made against them in this suit, but without any favorable result.

It appears by the bill that the deceased, Hiram, during his life-time, let his father have about $2,700, to aid

him in building the store, and for which the father refuses to recognize any liability to Hiram's estate, and claims that his son, at the time of his decease, actually owed him. Isaac Osgood conveyed to his wife, Mary E., a life-estate in said store and lot on January 6, 1884, to take effect on his decease, and placed the same on record. The estate of Hiram being unable to get an accounting with the defendants, or either of them, complainants filed their bill in this cause, and prayed:

"1. That the interest of complainants in said real estate may be ascertained by this court, and the said defendants, Isaac Osgood and Mary E. Osgood, be compelled, by the proper decree of this court, to execute and deliver a sufficient warranty deed or deeds of the same.

"2. That, in case it shall be found that said complainants are not entitled to such interest in said real estate, said defendant Isaac Osgood may be compelled to come to an accounting with complainants for the amounts of money so received by him, with interest thereon.

"3. That the defendants deliver to the register of this court all letters and documents in their possession that formerly belonged to the said Hiram C. Osgood, deceased.

"4. That the defendants pay the costs of this suit.

"5. That said complainants have such further and such other relief as may seem meet and proper."

The testimony in the case convinces us that the deceased, when he let his father have the money to aid him in building the store, did not intend to give it to his father, but it was furnished by the son with the understanding that it was in some manner to be secured for him in the store and lot, or for his children, and that it was his intention, when he left his home at L'Anse, to visit his father at Jackson, to have a settlement with him, and conclude the matter, and he took all his papers with him relating to that business. The correspondence between the father and son all tends to show these facts. There is no question in our minds but that it was also the intention of Isaac Osgood to retain in the property

a sufficient interest to maintain him and the other defendant for and during their natural lives, and that the son should have the remainder,—whatever there might be left after their deaths,—and that the son, in the mean time, should be kept secure for the advancements of money he made to his father.

The proofs do not show any set-off to the complainants' claim, proper for allowance. That filed is all outlawed, except two or three small items, for care bestowed during the son's last sickness, and for the excepted items alone it is not probable counsel for defendants would urge an allowance against the son's estate.

We all think there should be a reversal of the decree at the circuit, and a new decree entered in favor of complainants, giving to them a lien upon said store and lot, thereby securing to them the payment of the sum of $2,700, with annual interest thereon at the rate of 6 per cent., to commence at the date of the decree, and, if said sum and interest is not paid within 18 months after the decease of said defendants, said property may be advertised and sold to satisfy said lien, in the same manner as upon the foreclosure of a mortgage in chancery; and the said defendants must not commit, or suffer to be committed, any waste upon said property during their natural lives. Complainants will be allowed to recover their costs of this suit.

The other Justices concurred.