BUCK, Respondent, vs. POND, Appellant.

*November 16—December 12, 1905.*

*Vendor and purchaser of land: Specific performance: Incomplete contract: Recovery for labor, etc., expended on land.*

1. Where a contract for the sale of land contemplates or provides for deferred payments or the giving of credit for a part of the purchase money, but the times when such deferred payments are to be made are not fixed, the contract is uncertain and incomplete and cannot be specifically enforced.

2. One who improves a tract of land in pursuance of a contract for the purchase thereof which, by reason of indefiniteness, cannot be specifically enforced, is entitled to recover for his labor and materials expended upon the land at the owner's implied request.

APPEAL from a judgment of the circuit court for Marquette county: E. RAY STEVENS, Circuit Judge.  *Affirmed.*

This is an action for the value of services performed and money expended by the plaintiff in clearing, breaking, and fencing a forty-acre tract of land belonging to the defendant. The answer of the defendant admitted the ownership of the land, and alleged that, before the performance of the labor and the furnishing of materials by the plaintiff, the defendant sold the premises to the plaintiff by a valid contract of sale, which the plaintiff failed to perform.    The evidence showed that the plaintiff and defendant, in October, 1902, made a bargain for the purchase of the land in question by the plaintiff of the defendant, and that the defendant delivered to the plaintiff the following written memorandum of the bargain:

"Westfield, Wisconsin, October 21st, 1902.

"I agree to give a land contract to *Charles E. Buck* for my forty of land on Section 19, T. 17, R. 7, for $125, one hundred and twenty-five dollars, with int. when he fences and breaks at least fifteen acres and pays me $25 down, interest to commence now at six per cent.    The $25.00 to be paid on or before January 1st, 1904, with interest.

"SIMEON POND."

It further appeared that the plaintiff went into possession of the land, and grubbed and broke a part thereof, paid taxes thereon for one year, and built a fence; and that after he had broken seventeen acres he offered to pay the defendant $25 with interest, and demanded a land contract, and the defendant refused to comply and told the plaintiff he had sold the land to other parties.    It further appeared that at the time of this demand the defendant had in fact deeded the land to one Blackburn, who had taken possession thereof.    Upon this evidence the court directed a verdict for the plaintiff for the value of the labor performed and materials furnished, and from judgment upon the verdict the defendant appeals.

For the appellant there was a brief by *Buchanan Johnson* and *Kronshage, McGovern & Corrigan,* and oral argument by

*W. D. Corrigan.* To the point that the written memorandum itself could be enforced and that the so-called defect as to the time of payment in the land contract is not fatal, they cited *Waterman v. Dutton,* 6 Wis. 265; *Nudd v. Wells,* 11 Wis. 407; *Hadfield v. Bartlett,* 66 Wis. 634; *Bartz v. Paff,* 95 Wis. 95; *School Dist. No. 3 v. Macloon,* 4 Wis. 79; *Kusel v. Watson,* L. R. 11 Ch. Div. 129; *Britlon v. Erickson,* 80 Wis. 466, 468.

For the respondent there was a brief by *P. G. Collip* and *Goggins & Brazeau,* and oral argument by *F. W. Brazeau.*

WINSLOW, J. The defendant's claim is that the evidence shows that the plaintiff went into possession of the premises and performed the labor for which he sues under a valid and enforcible contract for the sale of the land, and that hence the plaintiff's remedy is by action to enforce the contract and not by action for the value of labor performed and materials furnished. *Cameron v. Austin,* 65 Wis. 652, 27 N. W. 622. This claim was rejected by the trial court, and we think rightly so. Specific performance of a contract will not be decreed unless its essential terms are clearly and definitely expressed. Courts will enforce a contract already made, but will not supply material and missing portions and thus at the same time *make* as well as enforce a contract. Where a contract contemplates or provides for deferred payments, or the giving of credit for a part of the purchase money, the times when such deferred payments are to be made are essential parts of the contract, and, if such times be not fixed, the contract is uncertain and incomplete and cannot be enforced. *Schmeling v. Kriesel,* 45 Wis. 325. The memorandum before us in the present case very clearly contemplates that there was to be credit given for $100 of the purchase price; but it is absolutely silent as to the term of that credit, hence it comes within the rule of the case last cited.

But the appellant claims that, even if there was no valid written contract, still, if there was a definite parol contract

under which the plaintiff went into possession and performed the labor, it was enforcible under familiar rules of law, and he further claims that he offered to show such a parol contract and that the evidence was rejected. Examination of the case shows that there was no such offer. The defendant was asked what the agreement he made with the plaintiff was, and an objection to his statement because it was not the best evidence was sustained. He then stated that he had seen the writing (which was evidently the memorandum aforesaid) before, and that "that is the agreement that I gave *Mr. Buck* in the sale of this land." There was no intimation that there was any oral agreement differing from or in addition to the written memorandum, and there was no offer to prove any such oral agreement.

It is claimed that the doctrine of the *Schmeling Case* was overruled in the case of *Hadfield v. Bartlett,* 66 Wis. 634, 29 N. W. 639, but we are unable to see how this claim has any foundation.

There being no contract which the plaintiff could enforce for the conveyance of the land or the execution of a land contract, he was clearly entitled to recover for his labor and materials expended upon the defendant's land at his implied request.

*By the Court.*—Judgment affirmed.