AUER, Appellant, vs. MATHEWS, Respondent.

*May 11—June 21, 1906.*

*Contracts: Reformation: Specific performance: Vendor and purchaser
of land.*

1. A contract will not be reformed on the ground of mistake unless
   there was some definite agreement which by mutual mistake
   was omitted from or wrongfully stated in the written contract.
2. To be specifically enforced, a contract must be definite and cer-
   tain in its terms, or capable of being made definite by the aid
   of legal presumptions or by evidence of contemporaneous facts
   and circumstances which is properly admissible.
3. A contract to convey "forty-seven descriptions located in" certain
   sections in two certain towns, "and containing not less than
   1,700 and no more than 2,000 acres,"—there being no agree-
   ment as to what particular tracts, out of fifty-seven descriptions
   considered by the parties, should be conveyed,—is too indefinite
   to be specifically enforced.

APPEAL from a judgment of the circuit court for Oneida
county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *S. S. Miller,* attorney, and *Hoyt, Doe, Umbreit & Olwell,* of counsel, and oral argument by *L. A. Olwell.*

For the respondent the cause was submitted on the brief of *E. D. Minahan.*

WINSLOW, J.   This is an action in equity to reform and specifically enforce a written contract for the conveyance of lands.   There is very little dispute as to the facts.   Plaintiff owned a house and lot in Milwaukee, and defendant owned a quantity of cut-over timber lands in town 39 north of range 8 east, and town 39 north of range 9 east, in Oneida county. October 30, 1902, they entered into a written agreement by which plaintiff agreed to convey to defendant the house and lot and defendant agreed to convey to plaintiff "forty-seven descriptions located in sections 1, 5 [etc., enumerating a large number of sections], in town 39 north, range 8 east, and in section 5, town 39 north, range 9 east, in Oneida county, Wisconsin, and containing not less than 1,700 acres and no more than 2,000 acres."   The contract contained other provisions as to the valuation of the properties and the terms of payment of the difference in value, not material to the questions presented here.   It appears that at the time the contract was made the defendant had furnished to the plaintiff a plat of township 39, range 8, upon which fifty-four forty-acre tracts or descriptions were marked with a cross, and upon which three descriptions in township 39, range 9, were noted in writing, and that *Mr. Mathews* did not know how many of these fifty-seven descriptions he could furnish good title to, but thought he could furnish good title to 1,700 acres at least, and at the outside 2,000 acres.

On account of this uncertainty as to the descriptions to which the defendant could furnish title, the contract was drawn in the indefinite terms stated.   There was no mistake or error in drawing the contract.   It represented just what

the parties orally agreed, namely, that the defendant was to convey forty-seven descriptions in two certain towns. The parties never agreed as to which of the fifty-seven descriptions marked on the plat were to be conveyed to make up the forty-seven referred to in the contract. From this simple statement of admitted facts it is plain there can be neither reformation nor specific enforcement of the contract. In order to reform a contract there must be proof that there was some definite agreement which by mutual mistake was omitted from or wrongly stated in the written contract. There was no such omission or erroneous statement here. The contract expresses just what the parties agreed upon. It was indefinite because the agreement of the parties was indefinite. 'In order to specifically enforce an instrument it must be definite and certain in its terms, or capable of being made definite by the aid of legal presumptions or by evidence of contemporaneous facts and circumstances which is properly admissible. *Schmeling v. Kriesel,* 45 Wis. 325; *Singleton v. Hill,* 91 Wis. 51, 64 N. W. 588; *Combs v. Scott,* 76 Wis. 662, 45 N. W. 532; *Park v. M., St. P. & S. S. M. R. Co.* 114 Wis. 347, 89 N. W. 532; *Buck v. Pond,* 126 Wis. 382, 105 N. W. 909. Here there was no agreement ever made as to what particular lands were to be conveyed. No specific tract can be identified as one of the forty-seven tracts referred to in the agreement, because no specific tracts were ever in fact agreed upon.

These were the conclusions reached by the trial court, and the complaint was properly dismissed.

*By the Court.*—Judgment affirmed.