POOLE, Respondent, vs. TANNIS, Appellant.

*October 24—December 18, 1908.*

*Contracts: Specific performance: Vendor and purchaser: Lien: Disposition of cause on appeal: Correction of judgment of appellate court.*

1. Specific performance of an oral agreement for a mortgage cannot be enforced where there is failure to specify any time when the mortgage was to mature and be payable.
2. In an action to enforce specific performance of an alleged oral agreement for a mortgage to secure moneys advanced by plaintiff to defendant, where there could be no such relief granted because the evidence failed to establish a sufficiently certain and definite contract to mortgage, the claim sought to be enforced not arising out of a transaction between vendor and vendee and the facts clearly negativing such a relationship, it is error to award plaintiff a vendor's lien.
3. In such case under the evidence, stated in the opinion, it is *held* that plaintiff is entitled to a judgment giving her an equitable lien on the premises in question and ordering a sale thereof if the defendant failed to satisfy such judgment by payment of the amount due with costs.
4. Where on appeal the judgment of the lower court was held erroneous because it awarded a vendor's lien instead of an equitable lien, and it was the intention of the appellate court to affirm the judgment because there was no material difference in the legal consequences of the two liens and hence the error was not prejudicial, but by inadvertence a mandate of reversal was entered, the appellate court, of its own motion, corrects the mandate and directs entry of judgment of affirmance.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Affirmed.*

Plaintiff alleged that she advanced $900 to the defendant, her son, to be used in purchasing a lot and in erecting a homestead, with the understanding that she was to receive a four per cent. mortgage therefor; that the money was expended, $300 in the purchase and $600 with other moneys in the erection of a house; and that defendant refuses to execute the mortgage. She prayed specific performance and other general relief. The defendant contended that the money had been given to him upon his promise to pay four per cent. therefor annually, and to furnish a home for his mother so long as she chose to remain with him. Upon the trial the finding was substantially in accord with plaintiff's claims, but the court found that the terms of the mortgage were not defined by the agreement. In lieu of decreeing specific performance of the alleged agreement the court adjudged that plaintiff had a lien upon the premises for $900 and interest at four per cent., and that unless the same should be repaid to her within three months after the judgment the premises should be sold to realize her claim. This is an appeal from this judgment.

For the appellant there was a brief by *Tullar & Lockney,* and oral argument by *H. C. Lockney.*

For the respondent there was a brief by *Frame & Blackstone,* and oral argument by *H. J. Frame.*

The following opinion was filed November 10, 1908:

SIEBECKER, J. The court's findings upon the conflicting evidence of the parties cannot be disturbed as being against the preponderance of the testimony. The evidence presented fully sustains the court's findings, to the effect that there was an agreement that plaintiff should advance the money to defendant and that he was to use it to purchase a lot and in the construction of a house thereon, and that the repayment of the sum advanced should be secured by the house and lot. It is established that no part of the sum so advanced to defend-

ant has been repaid, and that a sufficient demand for payment has been made and that payment has been refused. While plaintiff by her complaint demanded the specific enforcement of an oral agreement for a mortgage on the premises to secure this advancement, it is apparent that the evidence did not establish such an agreement because of the failure of the parties to specify any time when the mortgage was to mature and be payable. This state of the facts failed to establish a sufficiently certain and definite contract to mortgage the premises, and hence the court could not decree specific performance of it. *Buck v. Pond,* 126 Wis. 382, 105 N. W. 909. In the opinion of the trial court the allegations of the complaint and the facts proven to support them entitled plaintiff to recover in this action upon the ground that the plaintiff under the agreement made by the parties was to have a lien on the premises for the sum advanced defendant for the purchase of the lot and the building of the house, and the lien so agreed upon constituted a purchase-money lien. The court awarded judgment to that effect. There is no contention in this case that the claim sought to be enforced arises out of a transaction between vendor and vendee and the facts clearly negative such a relationship. Hence the judgment of the trial court awarding plaintiff a vendor's lien is not well founded. *Bartle v. Bartle,* 132 Wis. 392, 112 N. W. 471.

However, the question arises whether the plaintiff under the established facts is not entitled to the relief of an enforcement of an equitable lien upon the premises for the sums she contributed to the purchase of the lot and the building of the house thereon, in view of the fact that she relied on the agreement that the property should stand as security for the money she advanced to defendant to purchase and improve the lot, and defendant's refusal, after full performance of the agreement by plaintiff, to so secure the money advanced. It is shown that the money was advanced by the mother to the

son upon the understanding that its repayment should be se-cured by a lien upon the premises, though the agreement es-tablished was not sufficiently clear and definite to provide for a mortgage security which she prayed should be specifically enforced.    It is also plain that the son, through this arrange-ment and the confidential relationship between himself and his mother, obtained the money from her to acquire this prop-erty and that he now refuses to carry out the agreement. The mother having advanced the money on the faith of the son's promise and the defendant having used it for the ac-quisition of the property gives a basis for the interposition of equity to secure her a lien on the property and to enforce re-payment out of it of the sum so advanced by her.    *Osgood v. Osgood,* 78 Mich. 290, 44 N. W. 325; *Hughes v. Mullaney,* 92 Minn. 485, 100 N. W. 217; *Leary v. Corvin,* 181 N. Y. 222, 73 N. E. 984.

Plaintiff is entitled to judgment giving her a lien on the property and ordering a sale of the premises if the defendant fails to satisfy the judgment by payment of the amount due her, with costs.

*By the Court.*—Judgment reversed, and the cause re-manded with directions to award judgment upon the findings in accord with this opinion.

The following opinion was filed December 18, 1908:

PER CURIAM.    It was not intended in this case to reverse the judgment of the trial court, but simply to point out that the plaintiff's lien was not a purchase-money lien, as denomi-nated by the trial court, but an equitable lien arising from the agreement under which the money was advanced.    The intention of the court, after pointing out this distinction, was to affirm the judgment, because, in the situation of the pres-ent case, there was no material difference in the legal conse-quences of the two liens, and hence no prejudicial error.    By

inadvertence, however, a mandate of reversal, instead of affirmance, was entered, and the court now, of its own motion, corrects the error and directs the entry of the judgment which was intended.

*By the Court.*—The former judgment of this court herein is in all things vacated and set aside and the judgment of the trial court is affirmed.