BAST, Appellant, vs. SPROLL and another, Respondents.

*February 7—March 14, 1922.*

*Contracts: Definiteness: Presumption as to rate of interest: As to time of payment: Uncertainty as to time of payment: Enforceability of contract.*

1. If a written contract providing for the payment of interest does not specify the particular rate to be paid, it may be presumed that the parties contemplated the legal rate; and where nothing is specified as to the time of payment, the obligation may be considered presently due.
2. A contract wherein the owners of a farm agreed to buy certain city property for a specified amount if they could sell their farm for a certain price, and in the event of the purchase of such city property agreed to pay a portion of the price on a certain date, with no provision in the contract as to the time of payment of the balance, was not enforceable as a promissory note because of the indefiniteness as to time of payment, although the contract contained a clause that, "in case of sale of our farm as stated above, this paper will constitute a note for the above amount, $7,000, until paid, interest at the same rate as paid on the farm."

APPEAL from an order of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The complaint alleged the making and signing of a written contract by the parties on May 11, 1920. It was to the effect that, on the condition that one Mr. Loessel should buy defendants' farm or that it should be sold for $13,500

or more, the defendants would buy the plaintiff's "residence and lots in St. Nazianz, Wisconsin [there being no further or other description thereof], for $7,000. Five thousand dollars cash to be paid by the 15th of June or the time the place is bought, should it be a short time after that. The balance, $2,000, will include interest at the rate of interest which is paid us on the balance on the farm."

There were other recitals as to what was included and excluded in the agreement but they are not material here.

It also provided that defendants were binding the contract by giving a $50 Liberty bond to the plaintiff, and that if the contract did not result in a sale as therein stated, then the plaintiff was to return the Liberty bond, and in case of a sale he was to return the Liberty bond when the $5,000 was paid. It also recited: "In case of sale of our farm as stated above, this paper will constitute a note for the above amount, $7,000, until paid, interest at the same rate as paid on the farm."

Further provisions of the written contract are not material here.

The complaint alleged that within the time limited by the contract the defendants did sell their farm to Mr. Loessel; that thereafter plaintiff tendered a deed of his residence and lots in the village of St. Nazianz and offered to and was able and willing to comply with all the conditions of the contract on his part required, and delivers into court the deed of his residence and lots, but that the defendants failed and refused to carry out the contract on their part. The prayer was that the defendants be directed to carry out their part of the agreement and for judgment for $7.000.

From the order of the trial court sustaining defendants' demurrer to such complaint plaintiff has appealed.

For the appellant there was a brief by *Hougen, Brady & Meyer* of Manitowoc, and oral argument by *C. E. Brady*.

For the respondents there was a brief by *Healy & Joyce,* and oral argument by *H. F. Kelley,* all of Manitowoc.

ESCHWEILER, J. Upon this appeal appellant plaintiff presents no question other than his assertion of a right to recover the sum of $7,000 mentioned in the agreement set forth in the complaint as though such were a promissory note by defendants for that amount, and states in his brief that this is not an action for specific performance but for money as upon a completed sale.

He contends that the clause in the contract, *"in case of sale of our farm as stated above, this paper will constitute a note for the above amount, $7,000, until paid, interest at the same rate as paid on the farm,"* contains all the essential elements of a promissory note and made a binding obligation on the defendants to pay that amount, the condition precedent to a sale of the farm having been performed.

This quoted sentence from the contract, however, expressly refers to other portions of the written contract, and, the whole thereof being pleaded by plaintiff, the entire contract must be considered in determining the rights and liabilities of the parties.

It is apparent that in the contract there is no specific provision as to the rate of interest to be paid on the said sum or definite time fixed when it shall become due and payable. As to the interest, the presumption might be indulged that the parties contemplated the legal rate, as held in *Schmeling v. Kriesel,* 45 Wis. 325, 327. Where nothing is specified as to the time of payment the obligation may be considered presently due, as in a demand note such as provided for in sub. (2), sec. 1675—7, Stats., or as stated in such cases as *Husbrook v. Wilder,* 1 Pin. 643; *Irish v. Dean,* 39 Wis. 562, 567; *Thompson v. Ketcham,* 8 Johns. 190; *Porter v. Porter,* 51 Me. 376; *Adams v. Adams,* 55 N. J. Eq. 42, 35 Atl. 827, dealing with promissory notes; or in accord with

the rule as to the payment of the purchase price on a sale, as in *Bartz v. Paff*, 95 Wis. 95, 99, 69 N. W. 297; *Nichols v. Ruggles*, 76 Me. 25.

The plaintiff, however, cannot support his contention that he is entitled to have the contract enforced as a promise to pay $7,000, for the reason given by the trial court in sustaining the demurrer. The contract lacks the essential element of being definite as to the time of payment. It clearly appears upon the face of the contract that the parties provided that the $7,000 obligation, if any, arising upon the sale of the farm was not to be paid as one sum. It was expressly split in two sums so far as time of payment was concerned; $5,000 was to be paid forthwith and no provision for interest on such amount contemplated or mentioned; the balance of $2,000 was to be paid at some indefinite time in the future and interest was to be paid thereon. Such latter provision manifestly includes the idea of a period during which the payment of the $2,000 is by agreement not subject to present demand as was the $5,000. Being so left indefinite in such a material particular by the parties themselves, and there being no presumption which would warrant the court in fixing any particular time as being the end of any agreed period for the recognized extension of time for the payment of the $2,000, the court cannot by its decree now make for the parties that which would have to be a' new and court-made contract.

The situation here presented is clearly controlled by the cases of *Buck v. Pond*, 126 Wis. 382, 384, 105 N. W. 909; *Poole v. Tannis*, 137 Wis. 363, 365, 118 N. W. 188, 864; *Schmeling v. Kriesel*, 45 Wis. 325, 328.

A very similar situation is presented in the case of *Rahm v. Cummings*, 131 Minn. 141, 155 N. W. 201.

The trial court was therefore right in sustaining the demurrer to the complaint.

*By the Court.*—Order affirmed.