CARGILL COAL COMPANY, Respondent, vs. VALENTINE, Appellant.

*April 9—May 7, 1957.*

600

For the appellant the cause was submitted on the briefs of *Johns, Roraff, Pappas & Flaherty* of La Crosse.

For the respondent there was a brief by *Hale, Skemp, Hanson & Schnurrer,* and oral argument by *Joseph D. Becker,* all of La Crosse.

STEINLE, J. The defendant contends that the written phrase in the contract "to be financed," clearly indicates an intention that the plaintiff would accept the purchase price in the form of deferred payments, and that since the times for payment are not fixed, the contract is indefinite as to payment, and hence is invalid under the rule of *Buck v. Pond* (1905), 126 Wis. 382, 105 N. W. 909; *Poole v. Tannis* (1908), 137 Wis. 363, 118 N. W. 188, 118 N. W. 864; and *Bast v. Sproll* (1922), 176 Wis. 371, 187 N. W. 223. It is the position of the plaintiff that the contract calls for cash payment from the defendant upon the completion of the installation of the furnace.

It was the view of the small claims court, as expressed in its decision, and which was sustained by the circuit court, that "the complaint, construed in the most favorable light to the plaintiff, is sufficiently definite and certain to state a cause of action. The court feels that the method of payment can, from the face of said contract, be interpreted to mean that an immediate cash payment be made in full, and that the phrase 'to be financed' can be construed to refer to financing by other persons."

We are of the opinion that considered as a whole, the language of the contract is reasonably or fairly susceptible of different constructions, and that it is therefore ambiguous. Where there is ambiguity in a contract, the sense in which the words therein are used is a question of fact. *Woodall v. Democrat Printing Co.* (1947), 250 Wis. 348, 27 N. W. (2d) 437. It is the rule that in determining the meaning of a writing which is ambiguous, it is proper to receive evidence to ascertain the situation and surrounding circumstances in order that the court may put itself in the place of the parties and then ascertain their intention. *Jones v. Holland Furnace Co.* (1925), 188 Wis. 394, 206 N. W. 57.

If the language of an instrument is ambiguous, the court is not restricted to a consideration of the face of the instrument in ascertaining the intent of the parties. *Ludtke v. Compound School Dist.* (1944), 246 Wis. 235, 16 N. W. (2d) 562.

When the sufficiency of a complaint is challenged by demurrer, every reasonable intendment and presumption is to be made in favor of the complaint, and the plaintiff is entitled to all reasonable inferences which can be drawn from the facts pleaded. *Conrad v. Evans* (1955), 269 Wis. 387, 390, 69 N. W. (2d) 478.

The court properly overruled the demurrer. If at the trial it is established that by the words "to be financed" it was intended that the seller was to accept payments in instalments, and that it was not to be paid in cash by the buyer when the installation was completed, then the doctrine of the cases relied on by the defendant as above referred to, will apply.

*By the Court.*—Order affirmed.