Boek, Executrix, Appellant, vs. Wagner, Respondent.

*June 3—June 26, 1957.*

338

340

For the appellant there was a brief by *William Schnell-baecher, Jr.,* attorney, and *Vernon E. Waters* and *George A. Gessner* of counsel, all of Milwaukee, and oral argument by *Mr. Gessner.*

For the respondent there was a brief by *Zimmers, Randall & Zimmers,* attorneys, and *Bruce B. F. Randolph* and *William L. Randall* of counsel, all of Milwaukee, and oral argument by *Wilke M. Zimmers* and *William L. Randall.*

WINGERT, J. The circuit court filed a written decision analyzing the answer and counterclaim carefully and holding that both are sufficient against demurrer. We find no error in that conclusion.

1. Appellant's first criticism is that in determining the sufficiency of the answer, the court considered allegations appearing only in the counterclaim, and thus pieced out the part denominated "answer" with facts alleged only in the counterclaim. It is urged that this was error; that the answer must stand or fall as complete in itself, unaided by matter in the counterclaim.

We are of opinion that the allegations of the counterclaim were incorporated in the answer by reference, and hence the

court could properly consider them as a part of the answer. Between the first five paragraphs of the answer and the counterclaim appears the following:

"And by way of further answer to said complaint and by way of counterclaim, the above-named defendant alleges," etc.

This sufficiently made the subsequent allegations a part of the answer as well as a counterclaim. The presence of the quoted words of reference sufficiently distinguishes the present case from *Rood v. Taft,* 94 Wis. 380, 384, 69 N. W. 183; *McGovern v. Eckhart,* 192 Wis. 558, 563, 213 N. W. 332, and other authorities cited by appellant on this point.

2. Appellant criticizes the answer as composed largely of negative pregnants, legal conclusions, and argumentative matter insufficient to state a defense to the complaint.

We can agree that it is inartistic, and may not state a complete defense against all relief sought by the complaint; but that does not necessarily make it demurrable. On demurrer, an answer, like other pleadings, is to be liberally construed with a view to substantial justice between the parties (sec. 263.27, Stats.), doubts are to be resolved in its favor where it is uncertain and ambiguous, and it is entitled to all reasonable inferences that can be drawn from the facts pleaded. *Manning v. School District No. 6,* 124 Wis. 84, 90, 102 N. W. 356; *Cargill Coal Co. v. Valentine,* 275 Wis. 598, 602, 82 N. W. (2d) 883. This liberality is particularly in order where uncertainties are criticized but no motion to make more definite and certain has been made. *Wisconsin Zinc Co. v. Fidelity & Deposit Co.* 162 Wis. 39, 53, 155 N. W. 1081. It is not necessary that the answer state facts showing that no part of plaintiff's claim is valid and that nothing is due from defendant to plaintiff; it is not subject to general demurrer if it states even a partial defense. *Patterson v. Cappon,* 125 Wis. 198, 203, 102 N. W. 1083.

Viewed in the light of these principles, we think the answer sufficient. The complaint claims in essence that plaintiff, as the deceased partner's personal representative, is entitled to one half of assets worth about $100,000, plus a share of any profits since Boek's death. To this the answer alleges that the rights of the parties are governed by the agreement of April 30, 1941, which is attached in full; that the net worth of the partnership, valued in accordance with the agreement, is only $40,036; that under the agreement defendant is entitled to all of the partnership assets and to continue the business as his own upon making certain payments, and that he has tendered performance on his part but that plaintiff refuses to accept it or to perform obligations imposed on her by the agreement. We think this sufficiently apprises the plaintiff of the general nature of a defense which if established will be a valid defense to at least a part of the plaintiff's claim. If plaintiff needs more definite information to enable her to prepare her case, there are available to her a motion to make the answer more definite and certain (sec. 263.43, Stats.), a demand to admit or refuse to admit in writing the existence of any material fact (sec. 327.22), and discovery examination (sec. 326.12). A demurrer is not to be used as a substitute for those measures.

Plaintiff contends that the answer insufficiently alleges tender of performance on defendant's part, particularly in view of the provisions of the contract of April 30, 1941, that "In the event that the foregoing terms and conditions are not carried out within ninety days after the date of death, through fault of the surviving partner," the deceased partner's estate shall receive the share to which he would have been entitled if the agreement had never existed, plus his equitable interest in the insurance on the life of the surviving partner. It is true that defendant's allegation of tender of performance on his part is most general, does not allege that any tender or offer of performance was made within ninety

days after Boek's death, and does not specify clearly what was tendered in terms of dollars and documents. We consider, however, that it is not fatally defective in that respect. In pleading performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part. (Sec. 263.34, Stats.)

3. What has been said concerning the answer also applies with respect to the counterclaim. According its allegations and the terms of the contract the liberal construction that is presently appropriate, it indicates that defendant is entitled to some measure at least of judicial redress against plaintiff, and hence it is proof against general demurrer. (Sec. 263.07, Stats.)

The contract of April 30, 1941, appears to be uncertain and ambiguous in more than one respect, and it is not clear to us that defendant has properly construed it in computing the share or amount to which the counterclaim asserts the deceased partner's estate is entitled. Nothing in our present decision or in this opinion is to be taken as construing the agreement in any particular, nor as approving defendant's assertions as to its meaning or his conclusions as to what it obligates him to do or the amounts he is obligated to pay, or the propriety of the method of computation exhibited in the counterclaim. The trial court will no doubt be in better position after trial on the merits than we are at present to determine the precise meaning of the contract as applied to the matters in issue. If ambiguities appear to be material, evidence may be received to aid in resolving them in the light of the circumstances surrounding the parties when the agreement was made. See *Cargill Coal Co. v. Valentine,* 275 Wis. 598, 602, 82 N. W. (2d) 883.

*By the Court.*—Order affirmed.