LEMKE, Respondent, v. LARSEN COMPANY, Appellant.*

*May 11—June 6, 1967.*

* Motion for rehearing denied, with costs, on August 22, 1967.

428

For the appellant there were briefs by *Wilmer & Surplice* of Green Bay, and oral argument by *Alex Wilmer*.

For the respondent there was a brief by *Cornelisen, Denissen, Kranzush, Kuehn & Condon,* and oral argument by *C. Joseph Stodola,* all of Green Bay.

HANSEN, J. The sole question on this appeal is whether the trial court was correct in its determination that there were issues of fact to be resolved. In its decision denying defendant's motion for summary judgment, the trial court did not state the issue or issues of fact it believed to exist.

This court has stated that summary judgment should not be granted where there are substantial issues of fact to be determined, when the evidence on a material fact

is in conflict, or when there are permissible inferences from undisputed facts that would permit a different result. *Weiss v. Mutual Indemnity Co.* (1966), 32 Wis. (2d) 182, 145 N. W. (2d) 171; *Thompson v. Dairyland Mut. Ins. Co.* (1966), 30 Wis. (2d) 187, 140 N. W. (2d) 200.

An examination of the record reflects that there are issues of fact to be determined and that evidence on material facts are in conflict, all of which must be resolved by trial.

One of the paragraphs in the contract is designated "Harvesting" and reads as follows:

"The company will endeavor, but does not guarantee, to provide the specialized labor and equipment to harvest the crop, per Company's rate schedule. It is mutually agreed that the prompt and proper handling of this perishable crop affects the quality to the Company and the compensation rate to Contractor. Should, therefore, in the Company's judgment, field or weather conditions be such that Company's harvesting equipment is unable to operate effectively under its own power, the Contractor agrees to provide such additional power as may be required."

We are cognizant of the fact that by the terms of the contract, the defendant did not guarantee to harvest plaintiff's corn. However, the defendant contends that it did "endeavor" to harvest the corn under the terms of the contract as it understood and interpreted the meaning of the word. The plaintiff contends that defendant did not "endeavor" to harvest the crop as he understood and interpreted the meaning of the contract. As a result, some 74 acres of corn planted by the plaintiff did not get harvested, for which the plaintiff now claims he should be compensated in some manner. Therefore, is the word "endeavor" as used in the contract free from ambiguity? We think not.

The defendant submits affidavits from its company employees that the plaintiff's crop was too immature to harvest when they were at his farm to harvest it, and

that thereafter when the corn became mature enough to harvest, the fields of the plaintiff were too wet for operation of the defendant's harvesting equipment. The plaintiff, on the other hand, claims his corn was of the same maturity as Dupperpool's and his fields in substantially the same condition. Plaintiff also states that at all material times he had four tractors and stood ready, willing and able to provide them as additional power to harvest the corn, and that defendant at no time requested the plaintiff to provide such additional power although it had authority to do so under the contract.

The plaintiff further alleges in his affidavit ". . . that there were many days during September, 1965, when the field and weather conditions then existing on plaintiff's field were such that the corn could have been harvested. That the plaintiff knows of his own knowledge that there were several occasions on such days when the harvesting crew of the defendant worked 'short days' by starting late in the morning and quitting early in the afternoon."

These affidavits raise questions of fact as to whether the defendant "endeavored" to provide labor and equipment as its meaning was understood and intended by each of the parties individually. Each of the parties must have attributed some meaning to the word. What they intended it to mean we have no way of knowing from the contract itself and it therefore becomes subject to ambiguity. Under such circumstances, the construction of the word and the construction of this entire paragraph relating to the harvesting of the crop depends upon the intention of the parties in using it and is therefore a question of fact.

While the construction of a contract when it is not ambiguous, is a matter of law for the court to determine, however, when there is ambiguity, the sense in which the words are therein used is a question of fact.

The issue involves the intention of the parties at the time the contract was entered into, and therefore a clearly defined issue of fact is raised. *Bergman v. Bernsdorf*

(1955), 271 Wis. 401, 73 N. W. (2d) 595, 74 N. W. (2d) 744. When the language of a contract, considered as a whole, is reasonably or fairly susceptible to different constructions, it is therefore ambiguous, and such being the situation, the sense in which the words are therein used is a question of fact. *Cargill Coal Co. v. Valentine* (1957), 275 Wis. 598, 82 N. W. (2d) 883.

Other issues of fact are alleged. However, having determined that there is a substantial issue of fact to be resolved, no useful purpose would be served by further considering them.

*By the Court.*—Order affirmed.

CURRIE, C. J. (*dissenting*). I respectfully dissent because on the record before us I conclude that summary judgment should have been granted dismissing plaintiff's complaint.

Construing the contract language, "The Company will endeavor, *but does not guarantee,* to provide the specialized labor and equipment to harvest the crop," most strongly against defendant, there would have to be bad faith on the part of defendant in failing to harvest before it would be subjected to liability.

The affidavits completely negate any bad faith. The decision not to continue with the harvest of plaintiff's corn because of immaturity was based upon the decision of defendant's quality control laboratory. The decision not to complete the harvest later was based upon the fieldman's daily personal inspection and his determination that plaintiff's fields were too wet.

Plaintiff's affidavit that he was home and did not see the fieldman when he made the inspection is of no counteracting effect in the absence of an allegation that he was in a position to observe such visits and was watching for the fieldman.

"Testimony can be said to be truly negative only when it tends to prove the nonexistence of a fact by reason of a

mere failure to observe or remember its existence." *Coel v. Green Bay Traction Co.* (1911), 147 Wis. 229, 234, 133 N. W. 23.

"Defendant's negative testimony that he did not see any activated brake lights, in the absence of any testimony that he was making an observation to ascertain this, is insufficient to rebut this evidence." *St. Clair v. McDonnell* (1966), 32 Wis. (2d) 469, 475, 145 N. W. (2d) 773.

The fact that plaintiff had tractors available to assist in the harvesting is of no legal significance because defendant had its own self-powered corn harvesting equipment.

I particularly deplore sending the case back for a jury factual determination of what the parties meant by the contract term "endeavor" and thus permit a complete negation of the qualifying words that defendant "does not guarantee." If the case is to be remanded for a factual determination of any issue, such issue should be whether defendant acted in bad faith.

I am authorized to state that Mr. Justice WILKIE joins in this dissenting opinion.