Bowker *v.* Goodwin.

JOHN  S.  BOWKER,  Appellant,  *v.*  C.  C.  GOODWIN, Respondent.

7   135
8   358
9   27
13   85
19   311
10*  215

7   135
21   451
33*  660

Statement Not Showing All the Evidence—Facts Assumed. Where there was no showing that the statement contained all the evidence on any fact involved in the case; *Held,* that the appellate ourt was bound to enclude every essential fact sufficiently proved.

Findings on Appeal. Findings of fact can only be taken to the Supreme Court by embodying them in a statement properly certified.

One Stamp Where Two Instruments Constitute One Transaction. Where a promissory note and agreement in relation thereto were executed together and constituted parts of one transaction ; and the note was sufficiently stamped : *Held,* that the agreement required no separate stamp.

Different Instruments Making One Contract. If two instruments bearing on the same subject matter are executed together as one transaction, they constitute but one contract.

Findings—Conflict of Evidence as to Collateral Facts. The rule that the decision of a nisi prius court as to the su ciency of proof will not be disturbed on appeal if there be a conflict of evidence, applies also to collateral facts.

Evidence—Value of Ditch Stock. Where plaintiff sued on a promissory note, which it appeared was to be cancelled on the delivery to him of certain stock in a ditch company, conveying water to his ranch ; and a failure to deliver such stock being shown and its value involved, plaintiff offered to show " the value of the stock as taken in connection with his ranch" : *Held,* that he could only be allowed to show its market value.

Measure of Damages—Failure to Deliver Stocks. The measure of damages, in cases where there is a conversion of or failure to deliver a certain number of shares of stock having no peculiar value, is their market value either at the time of the conversion, when it should have been delivered, or at the time of trial, according to circumstances.

Appeal from the District Court of the Second Judicial District, Washoe County.

The plaintiff in this action sued on the promissory note referred to in the opinion, demanding a judgment for the full amount thereof with interest.  Defendant set up want of consideration, and that the only object of giving the note was to satisfy plaintiff of his intention to transfer the Truckee Ditch Company stock mentioned in the agreement executed with the note, and that such stock was only

worth $400. The plaintiff recovered judgment for $400 ; but, not being satisfied therewith, took this appeal.

*William Webster*, for Appellant.

I. The parties having, by agreement, fixed the damages or valuation of the ditch stock, and defendant having evidenced such fixed valuation by executing to plaintiff his promissory note for the amount, he is estopped from setting up a rule of damages other than that expressed on the face of the note.

II. The note sued on is an absolute promise to pay, and may not be contradicted by parol evidence, excepting in cases of fraud, or where there may be a failure of consideration, neither of which appears in this case. *Aud* v. *Magruder*, 10 Cal. 282 ; *Shriver* v. *Lovejoy*, 32 Cal. 577 ; *Damon* v. *Pardow*, 34 Cal. 281.

III. The agreement, having no revenue stamps thereon, is void. It was also *nudum pactum*,—there having been no consideration therefor.

IV. If the agreement was valid, the most that could be claimed under it would be, the right of defendant to elect which he would do,—deliver the stock before or when the note became due, or pay the money ; and having failed to deliver the stock, he must be presumed to have elected to pay the money. Sedgwick on Damages, 485.

V. Plaintiff should have been permitted to prove the value of the stock in connection with the ranch, there being no market value for the stock. Sedgwick on Damages, 421, and authorities cited ; *Masterton* v. *Mayor of Brooklyn*, 7 Hill, 62.

*R. S. Mesick*, for Respondent.

I. Neither the findings can be considered, as they are not included in the statement, nor can any insufficiency of the evidence, because it is not shown that the statement contains all the evidence. *Corbett* v. *Job*, 5 Nev. 201 ; *Sherwood* v. *Sissa*, 5 Nev. 353.

II. Exhibit "D" was offered and admitted only as part of one

agreement, of which the note sued on was the other part.  The note was stamped, and that was sufficient for both parts of the one agreement.

III.  The measure of damages was not what the identical stock was worth, in connection with plaintiff's ranch, but what a like amount of such stock could have been bought for.  The proof showed that there was an abundance of it.

By the Court, LEWIS, C. J.:

There are many assignments of error relied on and argued by counsel for appellant in this court which cannot be considered, because not properly brought up.  We have frequently held that no fact found by the court below will be reviewed here, unless it be shown by the statement on motion for new trial that all the evidence adduced to sustain it is embodied in the record, for *non constat* but there was ample proof in support of it.  This rule has been frequently announced by the court, and uniformly followed from the time of its organization.  *Sherwood* v. *Sissa*, 5 Nev. 349.  There is no showing that the statement in this case contains all the evidence on any fact involved in the case; hence, by the rule just stated, we are bound to conclude that every fact essential to make out the respondent's case was sufficiently proven.

Again, it has been held that the findings of fact can only be brought to this court by embodying them in a statement properly certified.  *Corbett* v. *Job*, 5 Nev. 201 ; *Imperial Silver Mining Co.* v. *Barstow*, Id. 252.  The findings in this case are not so brought up, and therefore cannot be considered.

This leaves nothing that can be inquired into except such questions as may arise on the judgment roll, and such rulings at the trial as were excepted to.  It is not claimed that the former exhibits any error, and only two exceptions are now relied on, namely : that " the court erred in admitting the agreement, Exhibit D, in evidence ; and secondly, in refusing to allow proof as to the value of the Truckee Ditch stock *in connection with the plaintiff's ranch.*"

To afford a full understanding of these points, it becomes necessary to state some of the facts detailed in the statement.  It ap-

pears that the plaintiff, Bowker, had agreed to sell to the defendant a certain ranch, the payments to be made in installments at designated periods. Possession was delivered, and the defendant continued in the enjoyment of the premises for a year or two, and during that time purchased certain shares of stock in a concern known as the Truckee Ditch Company, organized for the purpose of conducting water from the Truckee River for the use of the farmers located in the vicinity of the ranch in question, and which was so situated that the water from it could be brought to the plaintiff's premises. The defendant having failed to make the payments for the ranch in accordance with the agreement between himself and plaintiff, possession was surrendered, the contract of sale cancelled, and in the settlement of the affairs between them the promissory note sued on was executed by the defendant. On the same day, as appears by its date, the plaintiff executed and delivered to the defendant the following instrument, to wit: "I hereby agree that whenever C. C. Goodwin transfers ninety-odd shares of the Truckee Ditch Company stock now standing in the name of L. P. Drexler to me on the company's books, free from all charges, then I will surrender a certain note which I hold against him for the sum of eighteen hundred and sixty-six dollars payable in legal tenders, or fourteen hundred dollars in gold. Said note is dated January 9th, 1867. John S. Bowker."

After the plaintiff had closed his case, having introduced the promissory note with the necessary accompanying proofs, the defendant had occasion to offer, and did offer in evidence, the agreement above set out; its admission was objected to on the sole ground that it was not stamped as required by the act of congress and the revenue laws of this state. To this objection it was answered that the two instruments constituted but one agreement or contract, that they were executed at the same time, and consequently that they were but parts of one transaction and agreement. And this was sustained by the evidence of the defendant, who testified that "the note and agreement were made at the same time. Both papers were drawn up and laid on the table and signed together." It is admitted that the portion of the agreement which is sued on as a promissory note was properly stamped, sufficiently not only if the

papers should be held to be an agreement, but even if a promissory note.  The court below admitted the paper and the plaintiff excepted.  Was the ruling correct?  If the two instruments were executed together as one transaction, then upon every authority they constituted but one instrument or contract, although written on different pieces of paper.  They would have to be taken and construed together as if written on the same paper and signed by both parties.  The law in such case deals with the matter as it really was—as one transaction—and therefore all the papers drawn up simultaneously bearing on the same subject are held to be but one contract, although written on several papers.  If both papers constitute but one contract, then it is clear it was only necessary to use the stamps required for one contract.

There was a conflict of testimony as to whether the papers here in question were executed simultaneously, or constituted one transaction, it is true; but the court below deemed the evidence sufficient to warrant the conclusion that they should be taken as one contract, executed simultaneously, and consequently admitted the paper objected to.  In such case, the conclusion attained by the court below cannot be disturbed.  The decision of the court at *nisi prius*, as to the sufficiency of proof upon any collateral fact like this, must be governed by the rule which prohibits the appellate court from setting aside a verdict or findings of fact, upon the ground of insufficiency of evidence, where there is a conflict.  As, therefore, it cannot be said the court was not warranted by the testimony in treating the two papers as one contract, evidencing one transaction, we must accept it as an established fact in the case; and as one of the papers was stamped, it must be held, as was done in the court below, that the portion of the contract objected to required no separate stamp for itself, and was consequently admissible.

So the ruling upon the other assignment which is to be noticed was likewise correct.  The value of the ninety shares of Truckee Ditch Company stock could only be material, upon the assumption that the defendant was in some way bound, either to deliver the stock to the plaintiff or liable for its value.  Now it is very well settled that the measure of damage, in cases where there is a con-

version of, or a failure to deliver, stock of this character according to contract, is its market value, either at the time of conversion, when it should have been delivered, or at the time of trial, according to circumstances. *O'Meara* v. *North American Mining Company*, 2 Nev. 123. In no case would its value, as connected with other property, or as modified by some peculiar circumstances, be the measure of damage. If the stock can be purchased in the market, that which was converted, or should have been delivered, may be replaced. It is not claimed here that the particular ninety shares of stock which the defendant agreed to deliver, had any peculiar value over any other ninety shares in the same company. Why, then, should any sum be allowed as damages, beyond what may be sufficient to replace that which the defendant was called upon to deliver, or at least its market value at the time it should have been delivered. It cannot be claimed that plaintiff was damaged beyond that, and the law does not pretend to do more than award full compensation for a breach of contract. If the defendant wishes to procure the stock, he might be allowed such damages as will enable him to purchase it, and there is no claim that any equal number of shares will not be equally valuable in connection with his ranch as those which the defendant contracted to deliver. The court below ruled correctly, then, in excluding evidence of the value of the stock, *taken in connection with the ranch*. These being the only errors which can be considered upon this record, the judgment below must be affirmed. It is so ordered.