CHUDNOW, Appellant, vs. KETTER, Respondent.

*October 8—October 26, 1915.*

*Vendor and purchaser of land: Validity of contract: Statute of frauds: Uncertainty: Resort to public records: Matters resting in parol: Rents and taxes.*

1. A written contract by which defendant agreed to sell to plaintiff for a specified price a lot described therein, "free and clear of all liens and incumbrances, except as to the interest of the minor child of nineteen years, on account of whom matters will be arranged according to oral agreement with Richard Elsner until such child becomes of age; otherwise warranty deed and full abstract of title will be furnished free of charge and free of de-

fects," was not void under the statute of frauds (sec. 2304, Stats.). The agreement was to sell the lot except the interest of the minor therein; the price named was not for the entire fee in the land, but only for so much of it as the minor did not own; and the public records might properly be resorted to to ascertain what the respective interests of the defendant and the minor were.

2. A further provision in such contract that "the rents and taxes will be adjusted at the time of the delivery of the deed," did not show that there was any agreement as to those matters resting in parol, and did not render the contract void.

3. It is not necessary that a valid contract to convey land should contain any provision as to the adjustment of rents or taxes, the rights of the parties in those matters being fixed by law.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

For the appellant the cause was submitted on the brief of *Stern & Padway,* attorneys, and *Churchill, Bennett & Churchill,* of counsel.

For the respondent there was a brief by *Reukema & Lemke,* and oral argument by *Otto A. Lemke.*

BARNES, J.   This action was brought to enforce specific performance of the following agreement:

"Milwaukee, June 22, 1914.

"Received of *Isidor Chudnow* one hundred dollars in consideration of which I agree to sell to him Lot 4, in Block 100, in the 6th Ward of the city and county of Milwaukee, for the price of seven thousand and five hundred dollars, provided he pay me as soon as the papers are ready the balance of $7,400.00, free and clear of all liens and incumbrances, except as to the interest of the minor child of 19 years, on account of whom matters will be arranged according to oral agreement with Richard Elsner until such child becomes of age; otherwise warranty deed and full abstract of title will be furnished free of charge and free of defects.   The rents and taxes will be adjusted at the time of the delivery of the deed."

The document was signed, sealed, and acknowledged by

both parties. The defendant demurred to the complaint as, not stating a cause of action, which demurrer was sustained, the court concluding that the contract was void under the statute of frauds (sec. 2304, Stats.).

The vendor agreed to sell the real estate described free and clear of all liens and incumbrances except the interest of the nineteen-year-old minor. It seems pretty clear that the consideration named was not for the entire fee in the land, but only for so much of it as the minor did not own. Complaints. must be construed liberally on demurrer.

Presumably a nineteen-year-old minor owned some interest in the premises contracted to be sold. Inasmuch as defendant agreed to sell the remaining interest, it is a fair presumption that she owned it and that the public records of Milwaukee county would disclose just what the respective interests of these parties were. The contract is definite and certain except upon this point, and we think it clear that the public records might be resorted to to ascertain what the respective interests of the defendant and the minor were, without running counter to the statute of frauds. *Harney v. Burhans,* 91 Wis. 348, 64 N. W. 1031. Respondent's counsel do not claim otherwise, but they construe the writing as obligating the defendant to convey the entire lot. If we deemed this construction to be the correct one, the conclusion reached by the trial court would no doubt be correct. Construing the contract as we do, we hold that the provision. therein in reference to the interest of the minor does not violate the statute referred to. The complaint does not show on its face that the contract is void because of the uncertainty referred to.

It is also argued that the provision that "the rents and. taxes will be adjusted at the time of the delivery of the deed" renders the contract void. It will be observed that the document does not recite that any agreement has been reached in reference to an adjustment of those matters. Consequently

there is no contract in reference to them resting in parol. It is not necessary that a valid contract to convey real estate should contain any provision in reference to the adjustment of rents or taxes. The common law defines those rights in reference to rents, and sec. 1153, Stats., defines them in reference to taxes.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the demurrer to the complaint.