**McCARTY v. HARRIS et al.** (6 Div. 858.)

Supreme Court of Alabama. May 26, 1927.

1. Frauds, statute of ⊚➡106(1)—Contract for sale of real property, expressing consideration in writing and subscribed by party, complied with statute (Code 1923, § 8034).

Contract for sale of real property, which expressèd consideration, was in writing, and subscribed by party to be charged, *held* in full compliance with Code 1923, § 8034.

2. Specific performance ⊚➡30—Vendor · and purchaser ⊚➡172—Land contract held not uncertain for failing to provide interest rate on deferred payment; legal rate being applicable (Code 1923, § 8563).

Under Code 1923, § 8563, contract for sale of real property *held* not affected with vitiating uncertainty for failing to provide rate of interest on deferred payment, since, in absence of specified rate, legal rate is applicable.

3. Specific performance ⊚➡28(2)—Contract for sale of real property held not uncertain, defeating specific performance because failing to provide amount of first mortgage permitted.

Contract for sale of real property *held* not so uncertain as to defeat its specific performance by failing to specify amount of first mortgage which purchaser was authorized to place on property, since such provision was not of essence of contract to convey, but was mere subsidiary part of agreement.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by D. S. Harris and Rosary C. Harris against J. F. McCarty, for specific performance of a contract. From a decree overruling a demurrer to the bill, respondent appeals. Affirmed.

Aird & Aird, of Birmingham, for appellant.

A bill showing on its face that the contract violates the statute of frauds is subject to demurrer. Harper v. Campbell, 102 Ala. 342, 14 So. 650; White v. Levy, 93 Ala. 484, 9 So. 164; Conoly v. Harrell, 182·Ala. 243, 62 So. 511; Lewis v. Teal, 82 Ala. 288, 2 So. 903; 36 Cyc. 781. To authorize specific performance, all terms of the agreement must have been agreed upon and all terms must be clearly set out and expressed with certainty. Alba v. Strong, 94 Ala. 163, 10 So. 242; Ala. Central R. Co. v. Long, 158 Ala. 301, 48 So. 363; Christian Gro. Co. v. W. S. Co., 106 Ala. 124, 17 So. 353; Nelson v. Kelly, 91 Ala. 569, 8 So. 690; Nelson v. Shelby Mfg. Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116; Adams v. McMillan, 7 Port. 73; 36 Cyc. 587, 630. Failure to provide for the rate of interest on deferred payments renders the contract void. Phillips v. Adams, 70 Ala. 373; Carter v. Shorter, 57 Ala. 253.

Beddow & Ray, of Birmingham, and C. C. Ne Smith, of Miami, Fla., for appellees.

The contract is sufficiently clear, definite, as to interest and first mortgage. Authorities cited by appellant are inapt. Campbell P. P. Co. v. Jones, 79 Ala. 475.

BROWN, J. [1] This bill is filed by the appellees to require specific performance of a contract to sell and convey real property. The contract expresses the consideration, is in writing, and is subscribed by the party to be charged, in full compliance with the statute of frauds. Code of 1923, § 8034.

The contract provides:

"The purchase price is to be $8,000.00 payable as follows: $100.00 as earnest money and part payment of said purchase price, receipt of which is hereby acknowledged, and the remainder of said purchase (price) payable as follows: $2,900.00 cash when the deal is closed, balance payable at the rate of $50.00 per month with interest figured in. The seller agrees to let the purchaser put a first mortgage on the above-described real estate. The above-mentioned $2,900.00 cash to be paid out of proceeds of the first mortgage."

[2] The contract is not affected with vitiating uncertainty for failing to specify the rate of interest on the deferred payment, as, in the absence of a specified rate, the legal rate is applicable. Code of 1923, § 8563; Campbell Printing Press & Mfg. Co. v. Jones, 79 Ala. 475.

[3] Nor is the contract rendered so uncertain that its specific performance may not be decreed by failing to specify the amount of the first mortgage which the purchaser is authorized to place upon the property. This provision is not of the essence of the contract to convey, but is a mere subsidiary part of the agreement, and uncertainty in such provisions will not prevent a decree of specific performance. 25 R. C. L. 219, § 18; Atwood v. Cobb, 16 Pick. (Mass.) 227, 26 Am. Dec. 657, and note page 670.

The decree of the circuit court overruling the demurrers to the bill is free from error. Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.