PADOL and wife, Respondents, vs. SWITALSKI and wife, Appellants.

*December 6, 1945—January 8, 1946.*

184

[REDACTED]

For the appellants there was a brief by *Eugene J. Sullivan* and *Royal M. Galvin,* both of Milwaukee, and oral argument by *Mr. Sullivan.*

For the respondents there was a brief by *Kleczka & Steinhilber* of Milwaukee, and oral argument by *Clarence D. Steinhilber.*

MARTIN, J.  The action is for the specific performance of a contract for the purchase of certain real estate located at 1900 South Eighth street in Milwaukee, owned by the defendants.  It consists of a tavern and flats for dwelling purposes.

On March 13, 1944, defendants gave to Fons & Company, real-estate brokers, an exclusive listing contract.  The contract gave Fons & Company the sole and exclusive right to sell the property for the sum of $14,000.  It further provided that if a purchaser was procured at the price specified, or at any other terms or price accepted by defendants, defendants would pay Fons & Company a commission of five per cent of the sale price.  The expiration date of the contract was September 13, 1944.

On August 9, 1944, Fons & Company gave to Vincent Jaglowski and Apolonia Jaglowski, his wife, an option to purchase said property for the sum of $14,500.  The Jaglowskis, on the date they received the option, made a down payment

of $500 to Fons & Company. The option was given subject to the approval of the owners; they did not give their approval. On August 22d Fons & Company gave plaintiffs an option to purchase said property for the sum of $15,000. On same date plaintiffs made a down payment of $500 to Fons & Company. That option was given subject to approval of the owners. On same date defendants signed a receipt and agreement providing as follows:

"Plaintiffs' Exhibit No. 3.

"Fons & Co.

"929 W. Mitchell St., Milwaukee, Wis.

"Milwaukee, Wis., August 22nd, 1944.

"Received of Fons & Co., agents, the sum of four hundred ($400) dollars to apply on account of purchase price of property situated No. 1900 S. 8th street, Milwaukee, Wis., and described as ———. Consideration: Fifteen thousand and no/100 ($15,000) dollars.

"Balance to be paid within thirty days and upon delivery of a warranty deed and a full and complete abstract showing good title free and clear of all liens and incumbrances.

"Purchase price includes payment for all window and door screens, storm doors and windows, shades, lighting fixtures and glassware on same, ash box, and waste can. Included in the purchase price are the booths, bar, back bar and stoker. Icebox in the tavern.

"Undersigned also agree to pay all outstanding improvement bonds (if any) and special assessments for sewer and water, whether the same appear on the records as a lien against the property or not.

"Rents to be adjusted as of date of final settlement.

"Taxes for the year of 1944 are to be prorated.

"Understood that in case the purchaser shall fail to carry out his part of the agreement in completing sale of the above property, then the sum hereby receipted for shall be retained by the undersigned as and for liquidated damages, and this contract thereupon to become null and void.

"Undersigned agrees to pay Fons & Co. $550 commission on the above sale price, same to be paid at the time of the closing of the deal.

"(Signed)    GEORGE S. SWITALSKI, JR.
"(Signed)    ANNA SWITALSKI.

"Witnesses:
"(Signed)    CHESTER STRZYZYNSKI."

Some time between August 22 and August 30, 1944, defendants attempted to withdraw from their obligation to convey the property. Whereupon Fons & Company wrote defendants stating they expected defendants to comply with all of the terms and conditions which defendants had signed for the sale of the property. Defendants refused to go through with the deal. On September 21, 1944, plaintiffs paid the balance of the purchase price, namely, $14,500, to Fons & Company for the purpose of having said sum tendered to the defendants. On same date Fons & Company did make a tender which was refused by the defendants.

The trial court in its opinion states:

"Upon the trial of this action it was the position of both of the defendants that they could not go through with the deal with the plaintiffs because 'they were in a mess' and 'there were two buyers.' By these statements they had in mind the fact that an option had been given on August 9, 1944, to the Jaglowskis, who had made a $500 down payment. This $500 down payment from the Jaglowskis had, however, been refused by the defendants.

"At the time of the trial of this action it appeared that the Jaglowskis had been repaid the sum of $500 by check of Fons & Company dated August 23, 1944, although said check was not actually delivered to the Jaglowskis until December 13, 1944, for the reason that said Jaglowskis, who had employed legal counsel, believed that they were entitled to a conveyance of the property but finally agreed to cancel and surrender their option."

The trial court further stated:

"Defendants' counsel, in his brief, maintains that the plaintiffs should not be permitted to recover for the following reasons:

"(1) Because the contract (Exhibit No. 3) made between the defendants and Fons & Company does not mention the name of the plaintiffs specifically but refers to the plaintiffs as 'the purchaser.' It is said that such contract does not comply with the statute of frauds.

"(2) Because of the claim that Fons & Company were acting both as agents for the plaintiffs and as agents for the defendants. It is asserted that by reason of such dual capacity the contract is void and the plaintiffs are not entitled to recover.

"I am of the opinion that neither of these propositions have merit."

The applicable statutes are secs. 240.06 and 240.08, Stats. Sec. 240.06 provides:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands or in any manner relating thereto shall be created, granted, assigned, surrendered or declared unless by act or operation of law or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same or by his lawful agent thereunto authorized by writing."

Sec. 240.08, Stats., provides:

"Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

Appellant argues that there is no agreement between plaintiffs and defendants which the court can decree that defendants

specifically perform because the writing signed by defendants does not contain the name of the purchasers. It simply refers to them as "the purchaser." It is true that Exhibit No. 3, quoted above, mentions "the purchaser," also Exhibit No. 1, the listing contract, refers to "the purchaser." However, Exhibit No. 7, dated August 22, 1944, signed by defendants' agent and delivered to the plaintiffs, provides:

"In consideration of the sum of five hundred and no/100 ($500) dollars, option is hereby given to Stanley Padol and Wanda Padol, his wife, residing at 1513A S. 25th street, Milwaukee, Wis., to purchase within forty-five days from the date hereof the following described property, to wit: . . ."

The trial court found:

"That at the time of the execution and delivery by said defendants of said agreement dated August 22, 1944 (Exhibit No. 3), the defendants were informed and it was clearly understood and agreed by and between all parties that the purchaser referred to in said agreement were the plaintiffs, Stanley Padol and Wanda Padol, his wife."

There is ample evidence to sustain the foregoing finding.

A contract for the sale of lands which clearly appears from several writings considered together satisfies the statute of frauds and may be specifically enforced. *Kenner v. Edwards Realty & F. Co.* 204 Wis. 575, 236 N. W. 597; *Heins v. Thompson & Flieth L. Co.* 165 Wis. 563, 163 N. W. 173.

"Where parties have attempted to reduce an agreement to writing, and such writing is in some respects indefinite or ambiguous, the contract does not necessarily fail, nor will a party suing upon it be denied relief. If, by aid of evidence showing the situation and surroundings of the parties at the time, and their subsequent acts, if any, construing the terms of the writing, the court can with reasonable certainty determine the meaning intended by the parties, the court will not allow the contract to fall, but will construe it in the light of

such evidence and enforce its terms as so construed, if there be no other fatal objections to it." *Inglis v. Fohey,* 136 Wis. 28, 32, 116 N. W. 857. See *Haumersen v. Sladky,* 220 Wis. 91, 97, 264 N. W. 653, and cases cited.

We have carefully considered other questions raised by appellants' counsel. It will serve no useful purpose to prolong the discussion of the facts or law. The findings of the trial court are fully sustained by the evidence, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.