NORMAN C. JOHNSON AND HELEN M. JOHNSON, PLAINTIFFS–APPELLANTS, *v.* HAROLD WATSON AND THRESA WATSON, DEFENDANTS–RESPONDENTS.

No. 3795

July 9, 1954.                    272 P.2d 580.

*Hawkins, Rhodes & Hawkins,* of Reno, for Appellants.

*L. E. Blaisdell,* of Hawthorne, for Respondents.

## OPINION

By the Court, Eather, C. J.:

This case concerns the sufficiency under the statute of frauds of a written memorandum of agreement. Appellants, as plaintiffs, brought suit for damages against defendants, now respondents, alleging breach of an oral agreement to purchase improved real property and furnishings therein. A written memorandum of the agreement was attached to the complaint. Defendants challenged the sufficiency of the memorandum by moving to dismiss the complaint. This motion was granted, and plaintiffs appealed.

Two primary objections to the sufficiency of the memorandum are made: That the description of the property is inadequate; and that the consideration and loan provisions are not stated with certainty. The memorandum is as follows:

"Hawthorne, Nevada
"November 15th, 1952

"CONTRACT OF SALE
Received of Harold and Thresa Watson............................
Five Hundred Dollars and a 1952 DeSota car......... (Value $3,000.00)...... for which Watson will furnish a bill of sale and the pink slip which has just recently been sent to Carson City for showing ownership in his name...........
......................This is the down payment on 385 G. Street, house and furniture. Total sale is $15,000.00. Balance

payment is to be $100 per month together with 6% on unpaid balance. It is agreed that Watsons will sign a loan in case N. C. Johnson said seller is able to produce one. Johnson is to carry back as a second the balance due over and above loan at 6% and said monthly payment shall not exceed $100 or more per month. Taxes and insurance to be pro-rated. Escrow charges to be equally divided between buyer and seller, excepting Seller shall paid for guaranty insurance title.

"Buyers    Seller Helen N. Johnson
 "Harold Watson     Norman C. Johnson
 "Thresa Watson  Broker E. S. Babcock"

The applicable statute is sec. 1529, N.C.L.1929, which reads:

"Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made."

The applicable general principle of law, as set forth in sec. 207 of the Restatement of the Law of Contracts and quoted in Stanley v. Levy & Zentner, 60 Nev. 432, 112 P.2d 1047, 1053, 158 A.L.R. 76, is:

"A memorandum, in order to make enforceable a contract within the statute, may be any document or writing, formal or informal, signed by the party to be charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty, (a) each party to the contract either by his own name, or by such a description as will serve to identify him, or by the name or description of his agent, and (b) the land, goods or other subject-matter to which the contract relates, and (c) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made."

The property is here described by street and number, the town and state appearing in the caption. Such a

description is generally regarded as sufficient. 37 C.J.S., Frauds, Statute of, p. 673, sec. 188; Tobin v. Larkin, 183 Mass. 389, 67 N.E. 340; Montgomery v. Graves, 301 Ky. 260, 191 S.W.2d 399, 23 A.L.R.2d 39; contra, Martin v. Seigel, 35 Wash.2d 223, 23 A.L.R.2d 40, 212 P.2d 107. The sufficiency of such a description is in accord in principle with a prior decision of this court, Roberts v. Hummel, 69 Nev. 154, 243 P.2d 248.

Next is challenged the definiteness of the provisions for consideration, and for secondary loan financing. The agreement provides for a price of $15,000, with a down payment, cash and car, of $3,500, leaving a balance of $11,500, to be paid at $100 per month with 6 percent interest on the unpaid balance. The agreement then provides:

"It is agreed that Watsons will sign a loan in case N. C. Johnson, said seller, is able to produce one. Johnson is to carry back as a second the balance due over and above loan at 6% and said monthly payment shall not exceed $100 or more per month."

This provision is argued by defendants to be uncertain in not specifying the rate of interest on the alternative loan, whether the loans are to be secured by mortgage or deeds of trust, whether the security shall cover all or only a portion of the balance due, and the meaning of the words "or more."

Assuming this provision for alternative financing is an integral part of the agreement, as contrasted to a collateral agreement not subject to the statute of frauds, it appears that the writing states the essential terms and conditions with reasonable certainty.

The fair implication from the entire agreement is that the interest rate on the alternative loan will not be more than 6 percent; that the purchaser is protecting himself against monthly payments in excess of $100 plus 6 percent, regardless of whether made only to Johnson or apportioned between Johnson and a take-out

lender. Were there no implication of interest rate, the legal rate would apply. McCarty v. Harris, 216 Ala. 265, 113 So. 233, and the memorandum would not therefore be deficient.

The further implication of the agreement is that the Watsons will sign the particular loan that Johnson produces, whether that particular loan be secured by deed of trust or mortgage, and that the second would be secured like the first. There being no stipulated exception, the entire amount due, and not merely a part of it, would be secured as is the custom with real estate loans.

As to the meaning of the words "or more," they might refer either to the interest increment of each payment, or to a right to repay without interest penalty. This is an ambiguity of the writing, and may be resolved by parol testimony; it may be that these words are not even of particular significance to the agreement, for breach of which damages are sought.

In 37 C.J.S., Frauds, Statute of, p. 668, sec. 181, it is said:

"The note or memorandum, however, need not contain those elements which become a part of the obligation by implication of law, custom, or past practice, and it need not state all the details or particulars, of the agreement; a statement of the substance of the agreement in general terms is sufficient."

In our opinion the essential elements of the respective loan provisions are stated in the memorandum with reasonable certainty, and these are the amounts due, $11,-500, and the rate of payment, $100 per month plus interest. Supplementary details such as the form of security, the manner of closing, and the time of performance, may be shown by parol or will be implied by law or custom.

The only cases noted involving third-party financing

to be procured by the seller support these conclusions. Kenner v. Edwards Realty & Finance Co. 204 Wis. 575, 576, 236 N.W. 597; Killion v. Schleifer 1 Cir., 1950, 183 F.2d 237.

In our opinion the memorandum of agreement is sufficient and the motion to dismiss should have been denied.

The judgment of the district court appealed from is reversed with costs.

MERRILL and BADT, JJ., concur.