EUGENE HASPRAY AND ROBERT COHEN, APPEL-LANTS, *v.* ARTHUR PASARELLI, RESPONDENT.

No. 4559

April 30, 1963                    380 P.2d 919

THOMPSON, J., dissented.

*George Rudiak,* of Las Vegas, for Appellants.

*Jones, Wiener & Jones,* of Las Vegas, for Respondent.

# OPINION

By the Court, McNamee, J.:

This is an action for specific performance of an alleged contract to sell real property or for $27,000 damages in lieu thereof. The First Claim alleges a written contract whereby respondent agreed to sell appellant Haspray the Apache Motel for $225,000, a copy of the contract being attached to the complaint marked Exhibit "A" and hereinafter described. It is further alleged in this claim that Haspray paid respondent $1,000 as a deposit on the purchase price and that thereafter respondent repudiated the agreement and refused to perform the same; that the market value of the property is $252,000.

In the Second Claim appellants allege that respondent entered into an oral contract with them by which he had agreed to sell them the Apache Motel for $225,000 upon the following terms: $25,000 as down payment with a deposit of $1,000 to be paid forthwith, and the appellants to assume payment (a) of the existing first trust deed against the property (b) the furniture contract with a balance of about $7,500 owing (c) the balance of the land contract in about the sum of $25,000, and (d) appellants to execute a second trust deed upon said land

in the sum of $67,500, payable in installments of $900 per month including interest at 7 percent upon the unpaid balance, the entire balance to become due and payable in eight years. In this Second Claim it is alleged that Exhibit "A" is a written memorandum of said agreement.

In his answer, after certain denials, respondent admits the execution of Exhibit "A"; that he offered to return the $1,000, which offer was refused, and as an affirmative defense alleges that the alleged agreement fails to set forth the specific terms and conditions of the second trust deed; that the agreement would not come into existence until all details, terms, and conditions of the various encumbrances were fully agreed upon and which would be incorporated into a formal written contract of sale and purchase; and that by virtue of the statute of frauds, NRS 111.210, the memorandum of agreement represented by Exhibit "A" is insufficient in that it fails to set forth the terms of payment of the mortgage, the debts, and other terms necessary and required to satisfy its requirements.

Exhibit "A" is a printed form entitled "RECEIPT AND AGREEMENT," dated August 12, 1960, and states in part: "Received from Eugene Haspray, herein called Buyer, the sum of One Thousand Dollars, evidenced by personal check as deposit on account of total purchase price of $225,000 for the Apache Motel, 407 So. Main Street, Las Vegas, Nevada. Buyer will deposit in escrow the balance of the purchase price within 10 days from date hereof as follows: $25,000 down. Buyer to assume First Trust Deed of approximately $100,000. Also furniture contract approximately $7,500 and contract on lot of approximately $25,000. Second Trust Deed of approximately $67,500."

After certain other provisions not material to this decision, Exhibit "A" recites:

"The undersigned Buyer offers and agrees to buy the above described property on the terms and conditions above stated.

"[Signed] Eugene Haspray, Buyer."

On the back of Exhibit "A" appears the following:

"ACCEPTANCE

"The undersigned accepts the offer on the reverse side hereof and agrees to sell the property described therein on the terms and conditions therein set forth.

"Dated 8–12–1960.

"[Signed] Arthur Pasarelli."

After issues were made, respondent moved for summary judgment on the ground that the memorandum (Exhibit A) fails to set forth the terms and conditions of payment of the second trust deed. The motion was supported by the affidavit of respondent which states that Exhibit "A" is the only writing of any nature subscribed by him in connection with the facts alleged. The affidavit of Haspray was received in opposition to said motion and it states that Exhibit "E" is an original memorandum in the handwriting of respondent; that respondent agreed to take only $25,000 down rather than $30,000 as originally listed, thereby increasing the amount of the second trust deed from $62,500 to $67,500. This affidavit further alleges that when affiant signed the Receipt and Agreement on August 12, 1960, it was his "understanding that all of the terms and conditions as set forth in the original listing, 'Exhibit "E"' above referred to, except as modified by our later negotiations, were included in the Receipt and Agreement."

Exhibit "E" is as follows:

"Sale

"225,000 Sale Price

"30,000 Down

"1st Trust Deed $1,000 7½% month 100,000

"Lot 25,000 7% $350 month

"Furniture 7% 355 month 7500

"2nd Trust Deed $62,500

"$900 month Due 8 years

"8 per cent interest"

There is a conflict in the evidence as to when Exhibit "E" came into existence, whether during the afternoon of August 12, 1960, the day the Receipt and Agreement

(Exhibit A) was signed, or at the time respondent listed the motel with appellant some day before.

The record also contains part of repondent's deposition wherein he testified that there had been no meeting of the minds relative to the terms of the second trust deed, and that Exhibit "E" was not intended as a memorandum of any agreement between him and Haspray.

Subsection 1 of NRS 111.210 provides: "Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made."

It is conceded by appellants that Exhibit "A" alone is insufficient to satisfy the requirements of this statute. See Johnson v. Watson, 70 Nev. 443, 272 P.2d 580; Stanley v. Levy & Zentner Co., 60 Nev. 432, 112 P.2d 1047, 158 A.L.R. 76.

Exhibit "A" makes no express reference to Exhibit "E". Appellants maintain that it can be implied from Exhibit "A" that Exhibit "E" which specifies the terms of payment of the second trust deed was intended by the parties to be a part of Exhibit "A", and that the two instruments together satisfy the requirements of the statute of frauds.

In the present case the trial court held as a matter of law that Exhibit "E" bearing no date and not being subscribed by respondent although in his handwriting was not the type of memorandum called for by the statute of frauds, because it could not be ascertained therefrom whether Exhibit "E" was merely some work paper that respondent may have written preliminary to an arrival at some final agreement by the parties. For this reason the motion for summary judgment was granted.

In Bowker v. Goodwin, 7 Nev. 135, 138, this court stated that where two instruments [a promissory note and an agreement in relation thereto] were executed together as one transaction they constituted but one

instrument or contract, although written on different pieces of paper. "They would have to be taken and construed together as if written on the same paper and signed by both parties. The law in such case deals with the matter as it really was—as one transaction—and therefore all the papers drawn up simultaneously bearing on the same subject are held to be but one contract, although written on several papers." In that case upon conflicting evidence the trial court concluded that the two instruments should be taken as one contract, executed simultaneously.

Two separate writings may be sufficiently connected by internal evidence without any express words of reference of one to the other. That they refer to the same transaction and state the terms thereof may appear from the character of the subject matter and from the nature of the terms. 2 Corbin, Contracts § 514.

All of the essential terms of the oral agreement alleged can be found in the two written documents. If they were intended by the parties to constitute one transaction appellants should have been permitted to present evidence to show this and also to explain the differences in the amount of the down payment as set forth in the two instruments, and the fact that Exhibit "E" is an unsigned document does not preclude the admission of parol evidence to connect Exhibit "E" with Exhibit "A". Crabtree v. Elizabeth Arden Sales Corp., 305 N.Y. 48, 110 N.E.2d 551; Annot., 81 A.L.R.2d 991, 1005.

In Waterhouse v. Capital Investment Co., 44 Haw. 235, 353 P.2d 1007, 1014, the supreme court said: "There are a number of Hawaiian cases holding that the Statute of Frauds may be satisfied by separate writings. These may be considered together if by internal evidence they are shown to be related in subject matter, and together may constitute the required memorandum in

writing. When properly connected it is not necessary that all of them be signed. Fishel v. Turner, 13 Haw. 392; Oliveira v. Silva, 18 Haw. 602, 609; Glockner v. Town, 42 Haw. 485; see also 49 Am.Jur., Statute of Frauds, §§ 392–395."

In Crabtree v. Elizabeth Arden Sales Corp., supra, where the documents relied upon consisted of two signed payroll cards and a third unsigned memorandum which contained one of the essential elements of the contract, the court in holding that parol evidence could be used to show the circumstances surrounding the making of the unsigned memorandum stated: "Parol evidence—to portray the circumstances surrounding the making of the memorandum—serves only to connect the separate documents and to show that there was assent, by the party to be charged, to the contents of the one unsigned. If that testimony does not convincingly connect the papers, or does not show assent to the unsigned paper, it is within the province of the judge to conclude, as a matter of law, that the statute has not been satisfied."

Once we accept the doctrine of implied reference, which we hereby approve, the necessity for a trial of the factual issues and the impropriety of a summary judgment inevitably follow.

Judgment reversed and the cause remanded for trial.

BADT, C. J., concurs.

THOMPSON, J., dissenting:

A contract for the sale of land shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party by whom the sale is to be made. NRS 111.210. Whether the "writing" required by the statute is legally sufficient presents a question of law. The court to whom the written memorandum is submitted, looks to the writing alone to decide its adequacy. Resort to oral or parol evidence is not authorized for the purpose of providing essential terms.

In Stanley v. Levy & Zentner Co., 60 Nev. 432, 446, 112 P.2d 1047, 1053, 158 A.L.R. 76, it is stated: "The substantial parts of the contract must be embodied in the writing with such a degree of certainty as to make clear and definite the intention of the parties without resort to oral evidence." The court in Stanley v. Levy & Zentner Co., supra, approved Restatement, Contracts § 207, reading: "A memorandum, in order to make enforceable a contract within the Statute, may be any document or writing, formal or informal, signed by the party to be charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty, (a) each party to the contract either by his own name, or by such a description as will serve to identify him, or by the name or description of his agent, and (b) the land, goods or other subject-matter to which the contract relates, and (c) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made." The Restatement standard was again approved in Johnson v. Watson, 70 Nev. 443, 272 P.2d 580. In short, unless the writing, considered alone, expresses the essential terms with sufficient certainty to constitute an enforceable contract, it fails to meet the demands of the statute. Montanaro v. Pandolfini, 148 Conn. 153, 168 A.2d 550; Ellis v. Klaff, 96 Cal.App.2d 471, 216 P.2d 15. The object of the statute would be frustrated if an essential term of the contract could be provided by parol. Craig v. Zelian, 137 Cal. 105, 69 P. 853. A court must first determine, as a matter of law, that the writing in question satisfies the statute before parol proof is admissible to establish the supplementary details of the contract. Cf. Johnson v. Watson, supra.

In the case before us neither of the written memoranda (Exhibits "A" and "E") satisfies the statute when considered alone. However, the appellant (buyer) contends that they may be considered together and, when so

considered, reflect a meeting of the minds upon all essential terms of a contract for the sale of the Apache Motel.[1] I believe that, when the two writings are read together (assuming, without deciding that the doctrine of incorporation by implied reference applies), the conclusion is inescapable that the parties did not agree on at least two of the essential terms of the alleged contract. In Exhibit "A" the down payment is stated to be $25,000, while in Exhibit "E" it is $30,000. The principal sum to be secured by the second trust deed is specified as $67,-500 in Exhibit "A," and $62,500 in Exhibit "E." Thus, instead of proving a meeting of the minds on all essential terms, the opposite is irrefutably shown on the face of the exhibits. The differences may not be explained by other testimony because the statute of frauds requires the "writing" to reflect the agreement. The majority opinion holds, inter alia, that such an explanation is permissible. Respectfully I suggest that such holding permits proof of some of the essential terms of an alleged oral contract by oral evidence, rather than by the writing demanded by the statute. In my view, the summary judgment entered below should be affirmed.

I dissent.

---

[1]Neither Exhibit "A" nor "E" expressly refers to the other. The doctrine of incorporation by implied reference is employed by appellant to permit their incorporation. This doctrine is referred to in Restatement, Contracts § 208. See Annot., 81 A.L.R.2d 991. Cf. Bowker v. Goodwin, 7 Nev. 135.